

Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606
T (312) 460-5000
F (312) 460-7000

mwexler@seyfarth.com
T (312)-460-5559

www.seyfarth.com

September 16, 2020

**VIA ECF**
Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York  10007

    Re:    *Goureau, et al. v. Marcus Lemonis, et al.*, Case No. 1:20-cv-04691-MKV

Honorable Judge Vyskocil:

We represent Defendants Marcus Lemonis ("Lemonis"), ML Retail, LLC ("ML Retail"), and Marcus Lemonis, LLC (collectively, the "ML Defendants") in the above-referenced action brought by Nicolas Goureau ("Goureau") and Stephanie Menkin ("Menkin") (collectively "Plaintiffs") against the ML Defendants and Machete Corporation ("Machete") (collectively "Defendants").[1]  We submit this letter, in accordance with Rule 4.A of Your Honor's Individual Rules of Practice in Civil Cases, to request a pre-motion conference regarding the ML Defendants' intention to file a motion to dismiss the Amended Complaint (ECF No. 24) ("Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6).

**BACKGROUND**

In 2014, Plaintiffs solicited an investment from Lemonis to "[h]elp" their struggling business, Gooberry Corp. ("Gooberry").  *See* Compl. ¶¶ 38, 45-56.  They appeared on Lemonis' popular television series "The Profit," *id.*, and admitted on national television that Gooberry had lost approximately $500,000 the year before due to mismanagement (although Plaintiffs now claim that their statements were untrue).  *Id.* ¶ 50.  Plaintiffs welcomed Lemonis' investment of $800,000 and agreed to give him control over decisions relating to the company.  *See* Compl. ¶¶ 39, 55-56.

Thereafter, Plaintiffs extracted millions from Gooberry and their related business ventures, forcing the ML Defendants to pay for their lavish personal lifestyles.  This included payments for Plaintiffs' personal expenses, extravagant cars, extensive travel, stays at the poshest hotels, and even a nanny, to the tune of more than $2 million, all at the ML Defendants' expense.  Plaintiffs also promoted themselves for years by utilizing Lemonis' name, likeness, and image, as well as his "The Profit" television series.  Lemonis, by contrast, never took money out of Gooberry or his other business ventures with Plaintiffs, and instead put money in to try to revive the struggling business.

Once Plaintiffs' misconduct was discovered and Lemonis terminated Goureau's employment, Plaintiffs raced to the courthouse and filed this action against Defendants, making sensationalized allegations to recast themselves as the victims.  Plaintiffs simultaneously filed a near-identical action

---

[1] Machete is represented by separate counsel and its response to the Complaint is due October 9, 2020.  ECF No. 32.



against the ML Defendants in Delaware state court based on the same facts and containing many identical causes of action.  *See* Del. Chancery Court Case No. 2020-0486-MTZ.

Plaintiffs' Amended Complaint in this action contains 13 causes of action, six of which Plaintiffs assert on their own behalf against the ML Defendants: (1) fraudulent inducement (also asserted against Machete); (2) fraud; (3) breach of implied covenant of good faith and fair dealing; (4) appointment of a receiver for Gooberry; (5) injunction restraining the ML Defendants from exercising control over Gooberry; and (6) dissolution of Gooberry.  Plaintiffs purportedly assert seven additional derivative causes of action on behalf of Gooberry (the "Derivative Claims"): (1) breach of fiduciary duty against Lemonis; (2) unjust enrichment against the ML Defendants; (3) misappropriation against the ML Defendants; (4) mismanagement and waste against the ML Defendants; (5) conversion against the ML Defendants; (6) civil RICO against all Defendants; and (7) an accounting against the ML Defendants.

## **ARGUMENT**

Plaintiffs' Amended Complaint consists of sensationalized, conclusory allegations and run-of-the-mill breach of contract claims disguised as nonviable torts.  In their intended Motion to Dismiss, Defendants will establish that the Amended Complaint should be dismissed in full.

First, Plaintiffs' simultaneous filing of actions arising from the same operative facts in this Court and in Delaware violates the prohibition against claim splitting.  Plaintiffs cannot possibly dispute that they could have asserted all of the causes of action and theories presented in New York and Delaware in a single lawsuit.  Plaintiffs' complaints indisputably share the same common nucleus of operative fact and share page after page of word-for-word identical allegations.  At bottom, Plaintiffs' claims in both actions are based upon allegations that Lemonis misled them into: (1) participating in "The Profit" TV series; (2) allowing Lemonis to invest in Gooberry; and (3) forming a new entity with Lemonis—ML Fashion.  Plaintiffs allege that Lemonis then mismanaged these ventures to benefit the ML Defendants at Plaintiffs' expense.  Plaintiffs cannot simultaneously pursue claims based upon these same set of facts in two jurisdictions.  *See Ambase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 73-74 (2d Cir. 2003).[2]

Second, Plaintiffs have filed in an improper venue, in violation of Federal Rule of Civil Procedure 12(b)(3).  The credit agreement (Compl. Ex. C) and security agreement (Compl. Ex. D) that Plaintiffs challenge require Plaintiffs to bring their suits in Illinois.  That the parties agreed to Illinois as venue is further confirmed by the fact that the stock purchase agreement relied upon by Plaintiffs (Compl. Ex. A) is governed by Illinois law.

Third, all of the Derivative Claims fail.  Plaintiffs admit that they made no demand upon Gooberry's board before bringing suit, but also failed to adequately plead demand futility.  Plaintiffs are the majority shareholders of Gooberry and hold or control three of the four seats on Gooberry's board of directors.  Compl. ¶¶ 16-17, 69-70.  Yet, incredibly, they claim it would be futile to make a demand on Gooberry's board to bring suit.  Plaintiffs appear to rely upon the fact that Gooberry cannot engage in certain acts without the approval of ML Retail.  *See* Compl. ¶¶ 71-73, 126.  Absent from the contractual provisions Plaintiffs rely upon is any statement that the board requires ML Retail's approval to authorize a lawsuit.  *See* Compl. Ex. B § 2.  Without such language, and given Plaintiffs' majority control over Gooberry's shares and board of directors, Plaintiffs failed to plead demand

---

[2] The ML Defendants have moved to dismiss the Delaware action based on claim splitting as well.  If the Delaware court dismisses the Delaware action in its entirety, the ML Defendants will withdraw their claim splitting argument here.

futility here.

Fourth, Plaintiffs failed to adequately plead wrongful acts by each Defendant with respect to the 12 causes of action Plaintiffs brought against the ML Defendants. Plaintiffs' impermissible "group pleading" is improper. *See, e.g., Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Plaintiffs also fail to avoid this fatal problem by asserting that the ML Defendants are alter egos of each other, because courts disregard the separateness of entities only in cases where the alleged alter ego is a mere "dummy" or shell entity where the use of a "shell" directly caused plaintiffs' injuries. *See, e.g., Gartner v. Snyder*, 607 F.2d 582, 586-88 (2d Cir. 1979). Here, Plaintiffs' conclusory allegations are insufficient to meet the high burden of sufficiently pleading alter ego status. In fact, the Complaint demonstrates that ML Retail and Marcus Lemonis, LLC are actual, operating entities with real assets and businesses. *See, e.g.,* Compl. ¶¶ 20-21, 69, 78, 97, 98. Moreover, Plaintiffs nowhere allege that the ML Defendants' alleged use of "sham" entities, as opposed to other alleged misconduct, caused Plaintiffs' alleged injuries. *See, e.g.,* Compl. ¶¶ 133-153 (fraud claims based upon alleged misrepresentations, not misuse of corporate form).

Fifth, Plaintiffs' claims for fraudulent inducement and fraud fail because Plaintiffs failed to plead them with particularly, as required by Rule 9(b). Among other things, Plaintiffs have not pled any misstatements or omissions by ML Defendants (other than false allegations regarding Lemonis), and have pled scienter only in conclusory fashion. *See* Compl. ¶¶ 138-139, 147-150.

Sixth, Plaintiffs' civil RICO claim utterly fails. Courts strictly apply the pleading requirements of Federal Rule of Civil Procedure 9(b) to civil RICO claims to avoid, *inter alia*, "burdening federal courts with claims that have been improperly "reframed . . . as RICO actions because of the carrot of treble recovery and the availability of a federal forum." *Plount v. Am. Home Assurance Co.*, 668 F. Supp. 204, 205-07 (S.D.N.Y. 1987). Plaintiffs' allegations amount to a run-of-the mill breach-of-contract claim that has been "reframed" as a civil RICO claim to get before this Court. The ML Defendants will establish, among other things, that Plaintiffs failed to adequately plead "predicate acts" by the ML Defendants or an "enterprise" required for civil RICO claims.

Seventh, Plaintiffs' causes of action for fraud, breach of fiduciary duty, unjust enrichment, misappropriation, waste and mismanagement, and conversion are all barred by the economic loss doctrine, precluding Plaintiffs from pursuing tort claims arising from what are alleged breaches of contract. *Blackrock Core Bond Portfolio v. U.S. Bank N.A.*¸ 165 F. Supp. 3d 80, 106 (S.D.N.Y. 2016).

Eighth, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails because Plaintiffs' allegations all relate to purported breaches of contracts or to matters that are expressly governed by those contracts. *See, e.g., Richards v. Direct Energy Servs., LLC*, 915 F.3d 88, 99-100 (2d Cir. 2019); *cf.* Compl. ¶¶ 69-74, 160-161.

Ninth, Plaintiffs' claim for unjust enrichment is barred by the existence of valid contracts. *See Kamdem-Ouaffo v. PepsiCo., Inc.*, 160 F. Supp. 3d 553, 568 (S.D.N.Y. 2016); Compl. Exs. A-B.

Tenth, with respect to appointment of a receiver and a mandatory injunction barring Defendants from allegedly exercising control over Gooberry, these are remedies, not causes of action, and are extraordinary remedies at that, applied only in extreme circumstances where assets are being spirited out of the jurisdiction, not merely where "a company loses money." *See Haggiag v. Brown*, 728 F. Supp. 286, 294 (S.D.N.Y. 1990). Plaintiffs' allegations do not meet that extraordinary standard. *See* Compl. ¶¶ 226-239.



Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Michael D. Wexler*

Michael D. Wexler

cc: Jesse M. Coleman, Seyfarth Shaw LLP (via email)
Owen R. Wolfe, Seyfarth Shaw LLP (via email)
Kevin Green, Seyfarth Shaw LLP (via email)
Maja Lukic, Gerard Fox Law (via ECF)
Gerard P. Fox, Gerard Fox Law (via ECF)
Lauren Green, Gerard Fox Law (via ECF)