Gerard P. Fox, Esq.
gfox@gerardfoxlaw.com

September 18, 2020

<u>**VIA ECF**</u>

Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

      **Re:**      *Goureau, et al. v. Marcus Lemonis, et al.,*
      **Case No.:**   1:20-cv-04691-MKV

Honorable Judge Vyskocil,

    We represent Plaintiffs in the above captioned matter. We write, pursuant to *Rule 4.A.i* of Your Honor's Individual Rules of Practice in Civil Cases, to respond to Defendants' September 16, 2020 letter. As an initial matter, under the guise of "background," Defendants letter includes unsubstantiated personal attacks that Plaintiffs stole from Gooberry and other business ventures. Instead of deal with the well plead allegations before them, Defendants attempt to paint Plaintiffs as the ones misappropriating company funds. However, as Plaintiffs have stated in sworn declarations in the Delaware matter and the Illinois matter, Plaintiffs have not improperly removed funds from their businesses to pay for any improper expense let alone cars and trips.

    **I.**    **Background**

    For years Plaintiffs ran a successful retail business that focused on high end women's fashion. (Compl. ¶¶ 31-38.) Plaintiffs were looking to take their business to the next level and were trying to find an investor with experience with family owned businesses and retail stores. (*Id*. ¶ 37.) Unfortunately, that is the exact persona that Defendant Marcus Lemonis ("Lemonis") portrays on his show "The Profit."

    In 2014, Plaintiffs' store Courage.B, owned by Nominal Defendant Gooberry Corp. ("Gooberry") appeared on an episode of the show. In order to get Plaintiffs to appear on the show Defendants made several misrepresentations to Plaintiffs. Defendant Machete conducted Skype calls with Plaintiffs telling them that Lemonis truly helps the businesses that appeared on the show and that he could and would help their business go to the next level. (*Id*. ¶¶ 48-51.) All Defendants worked to create Lemonis' persona, advertising and marketing for the show which included false representations that Lemonis helped the businesses that appeared on the show. (*Id*. ¶¶ 38-42, 201, 203.)

While the show was filming, Defendants continued making representations to Plaintiffs in order to induce them into a business relationship with Lemonis and his entities. (*Id*. ¶¶ 53-63, 67-68.) Defendants kept Plaintiffs in the dark about the renovations and changes being made to their business, and did not tell Plaintiffs they were exceeding the previously agreed upon budget for the work. (*Id*.) Thus, when it came time to paper the deal, Plaintiffs believed they had no choice but to move forward. (*Id*. ¶ 65.)

Defendant ML Retail, LLC purchased an interest in Gooberry and the Shareholder Agreement gave Lemonis and ML Retail nearly unbridled control over the company. (*Id*. ¶¶ 70-74.) As detailed extensively in the First Amended Complaint ("FAC"), Defendants used this power over Gooberry to drown it in debt, mismanage the company, and misappropriate its assets. (*Id*. ¶¶ 75-120.)

II.   **Response To Defendants' Argument**

Defendants' proposed motion to dismiss Plaintiffs' FAC would be unsuccessful. Defendants first argue that Plaintiffs have engaged in claim splitting. To support this Defendants state that the Delaware litigation and this litigation both based on "(1) participating in "The Profit" TV series; (2) allowing Lemonis to invest in Gooberry; and (3) forming a new entity with Lemonis—ML Fashion." (Dkt. No. 33 at p. 2.) That is not true, only this instant case deals with the first two issues raised. The Delaware litigation does not have any claims based on Plaintiffs' participation in "The Profit" or Defendants investment in Gooberry. Rather those are the issues at the core of this FAC. Similarly, this litigation does not involve Plaintiffs and Defendants' separate business venture of ML Fashion, LLC. There is no actual overlap between the harms being addressed in the Delaware litigation and this instant litigation. That the two may share similar causes of action does not mean that the harms addressed by those causes of action and the facts supporting those causes of action are the same—they are not.

Defendants' argument that there is a venue selection clause is a red herring. The contracts with the venue clauses are the Credit Agreement and Security Agreement between Gooberry and ML Retail. (Compl. Exs. C & D.) Plaintiffs' claims do not arise from those agreements. Rather those agreements illustrate how Defendants were able to perpetrate their fraud, mismanagement, and misappropriation by drowning Gooberry in debt to ML Retail. Plaintiffs' claims arise from the Stock Purchase Agreement and Shareholder Agreement which do not have venue provisions. (*Id*. Exs. A & B.)

Defendants' substantive attacks on Plaintiffs' FAC fare no better. Plaintiffs have alleged demand futility. The Shareholder Agreement requires the affirmative vote of ML Retail for any action: (1) outside of the normal course of business, (2) amending the Shareholder Agreement, (3) removing company management, (4) amending any company contract with ML Retail, and (5) dissolving the company. (*Id*. ¶¶ 71-73, 125-126, Ex. B.) Thus, as alleged, despite the fact that Plaintiffs are majority shareholders, Gooberry would not have been able to obtain the relief requested by this lawsuit without the affirmative vote of ML Retail, making the demand futile. (*Id*. ¶¶ 125-132.)

Plaintiffs fraud claims have been plead with particularity. The FAC describes with painstaking detail the representations Defendants made that induced them into the

agreements at issue and that constituted the continuing fraud. (*See e.g. id*. ¶¶ 38-69, 74-75.)

Plaintiffs' RICO claim has also been adequately plead. Contrary to Defendants' arguments it is not a rehash of their fraud and breach of contract claims but instead describes an enterprise which uses, among others, a television show, advertising, and media to promote the enterprise, gain control over small business, and defraud their owner.

Further, none of Plaintiffs' claims are barred by the economic loss doctrine. The doctrine does not apply to Plaintiffs' fraud claims. *Hart v. BHH, LLC*, No. 15cv4804, 2017 U.S. Dist. LEXIS 105187, at *4 (S.D.N.Y. July 7, 2017) (discussing that economic loss doctrine does not bar fraudulent inducement and intentional fraud claims.) As will be expanded upon in Plaintiffs' opposition, Plaintiffs' other tort claims are not barred by the doctrine.

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing will survive a motion to dismiss. As alleged in the FAC, the Shareholder Agreement gave ML Retail the sole discretion to run the company. In these situations, "the implied covenant mandates that the party exercise such discretion in good faith, rather than in an arbitrary or irrational manner." *In Touch Concepts v. Cellco P'ship*, 949 F. Supp. 2d 447, 470 (S.D.N.Y. 2013).

Moreover, unjust enrichment claims can be plead as an alternative to contract based claims. *Seiden Assocs. v. ANC Holdings, Inc.*, 754 F. Supp. 37, 39 (S.D.N.Y. 1991).

Further, Plaintiffs' causes of action for a receiver and injunction are proper claims that should not be dismissed. *United States Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 255 n.4 (S.D.N.Y. 2012).

Finally, to the extent the Court finds merit in any of Defendants' argument in their proposed motion, Plaintiffs will request leave to amend the FAC. Thank you for your time and attention to this matter.

Respectfully Submitted,

/s/ *Gerard P. Fox*

Gerard P. Fox (*admitted pro hac vice*)
GERARD FOX LAW P.C.

cc:   Owen R. Wolfe, Seyfarth Shaw LLP (via ECF)
      Michael D. Wexler, Seyfarth Shaw LLP (via ECF)
      Jesse M. Coleman, Seyfarth Shaw LLP (via ECF)
      Kevin Green, Seyfarth Shaw LLP (via ECF)
      Maja Lukic, Gerard Fox Law P.C. (via ECF)
      Gerard P. Fox, Gerard Fox Law P.C. (via ECF)