

Suite 2400
865 South Figueroa Street
Los Angeles, CA  90017-2566

**Jonathan L. Segal**
213.633.8667 tel
213.633.6899 fax

jonathansegal@dwt.com

October 9, 2020

**VIA ECF**
Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:     *Goureau, et al. v. Lemonis, et al.*, Case No. 1:20-cv-04691-MKV

Dear Judge Vyskocil:

We are counsel to Defendant Machete Corporation d/b/a Machete Productions ("Machete") in this action.  Pursuant to Rule 4(a)(i) of Your Honor's Individual Rules of Civil Practice, I write to request a pre-motion conference and to set forth the bases for Machete's anticipated Motion to Dismiss Plaintiffs' First Amended Complaint per F.R.C.P. 12(b), and to transfer per 28 U.S.C. § 1404(a).

*Factual Background*
Machete is surprised and perplexed as to why Plaintiffs named it in this lawsuit because it has no input into or control of the conduct of Marcus Lemonis' collected businesses.  The FAC falsely portrays Machete as a cog in the Marcus Lemonis machine – basically a front controlled by Lemonis to help him exploit unwitting businesses.  Reality is demonstrably different.  Machete is engaged exclusively in the business of developing and producing critically acclaimed content.  In addition to The Profit, that content includes "WAGs" (LA, Miami and Atlanta), Relatively Nat & Liv, Back in the Game, and Dirty Soap.

In contrast to the conclusory allegations in the FAC, Machete is not controlled by or an agent of Lemonis or his entities.  Indeed, it did not create or develop The Profit.  Rather, CNBC retained Machete for the second season of the show as the production company, long after CNBC retained Lemonis.  Machete's relationship with Lemonis himself is at arm's length, and it has no relationship with, nor interest in, Lemonis' business.  Indeed, Lemonis' contract is with the network, not Machete.  Casting decisions, which neither Lemonis nor Machete have final power over, are driven by questions of what will make for a compelling story, without reviewing a company's books or balance sheet.  And Machete is not involved with Lemonis' business dealings with featured companies outside of the context of the episode.  Accordingly, Plaintiffs' suit is frivolous at best, and extortionate at worst.

Machete's primary contact with Plaintiffs occurred more than six years ago when it produced an episode of The Profit featuring Plaintiffs.  In order to appear on The Profit, Plaintiffs signed

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4831-3218-6062v.3 0112823-000003

The Hon. May Kay Vyskocil
October 8, 2020
Page 2

substantial release agreements that included, among other clauses, mandatory mediation and arbitration clauses; a choice-of-venue clause for California; full releases of claims against Machete; explicit disclaimers against reliance on Machete; and the assumption of all risks related to following Lemonis' advice.  After producing the episode, Machete's rare subsequent dealings with Plaintiffs have only involved content production.  However, Plaintiffs' First Amended Complaint ("FAC") seeks to hold Machete responsible for purported acts with which they are not involved.  It alleges thirteen causes of action, only five of which are brought against Machete: (1) Fraudulent Inducement; (2) Violation of RICO § 1962 (3) Appointment of a Temporary Receiver; (4) Permanent Injunction; and (5) Dissolution.  Three of these "claims" are mere remedies with no conceivable connection to Machete.

*Legal Grounds for Dismissal*
As an initial matter, Plaintiffs' filing of this suit is improper as Plaintiffs agreed to a *mandatory* mediation clause, and to exclusive jurisdiction in Los Angeles, California.  Thus, the Court must dismiss this suit due to lack of jurisdiction as well as improper venue.  *TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370 (S.D.N.Y. 2010) (granting motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(3) as plaintiff's claims were subject to forum selection clause); *Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc.*, 269 F. Supp. 2d 356 (S.D.N.Y. 2003) (awarding fees and granting motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(3) as claims were subject to arbitration clause).

The FAC fails to state a claim upon which relief can be granted against Machete.  Plaintiffs' claims are time-barred under the four-year statute of limitations that governs RICO suits and the three-year statute of limitations that governs claims for fraudulent inducement.  *Koch v. Christie's Int'l PLC*, 699 F.3d 141 (2d Cir. 2012) (applying four-year statute of limitations for RICO); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 980 F. Supp. 2d 417, 418 (S.D.N.Y. 2013) (applying CCP § 338's three-year statute of limitations).  Here, Plaintiffs have alleged no acts by Machete since 2014, let alone acts subject to liability.

The FAC fails for numerous other reasons.[1]  Plaintiffs' two substantive claims are both based on a thinly plead theory that Machete is an agent of Lemonis, ML Retail, LLC and ML, LLC.  The agency allegation is conclusory and unsupported by any facts.  (Indeed, ML Retail was not even formed at the time Machete cast Plaintiffs.)  *Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd.*, 801 F. Supp. 2d 211, 224 (S.D.N.Y. 2011) (conclusory allegations are manifestly insufficient to state a plausible claim for relief).

Plaintiffs' claim for fraudulent inducement must also be dismissed because it fails to meet the heightened pleading standards of Rule 9(b).  *Duckett v. Williams*, 86 F. Supp. 268 (S.D.N.Y.

---

[1] To the extent they apply, Machete adopts the arguments articulated by the Lemonis defendants. [Dkt. 33.]

The Hon. May Kay Vyskocil
October 8, 2020
Page 3

2015) (granting motion to dismiss in its entirety).  Specifically, "[t]o state a claim for fraudulent inducement under New York law,[2] a plaintiff must allege:  'a representation of fact, which is untrue and either known by defendant to be untrue or recklessly made, which is offered to deceive and to induce the other party to act upon it, and which causes injury." *PetEdge, Inc. v. Garg*, 234 F. Supp. 3d 466, 490 (S.D.N.Y. 2017).  Here, Plaintiffs fail to make any allegations regarding Machete's supposed fraudulent inducement with particularity, and plead no facts with regard to scienter.  Additionally, to the extent statements are specifically alleged, they are not statements of fact, but rather statements either of opinion or of future intention, which cannot support a fraud claim.  Furthermore, the FAC improperly attributes its statements to "Defendants," and does not identify which defendant made which statement.  Finally, the FAC does not adequately allege that Plaintiffs' damages – recognized nearly six years after Plaintiffs appeared on The Profit – were proximately caused by Machete.

Likewise, the RICO claim does not pass the Rule 9(b) bar. *Curtis & Assocs., P.C. v. Law Offices of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 167 (E.D.N.Y. 2010) ("[W]here, as here, a plaintiff alleges RICO predicate acts based upon fraudulent activities such as mail or wire fraud, a plaintiff must additionally satisfy the particularity requirements of . . . Rule 9(b)").  Plaintiffs' Ninth Cause of Action also fails because the RICO statute requires that, at a minimum, a complaint set forth "two predicate acts occurring within ten years of each other" to allege a pattern of racketeering activity. *World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 496 (S.D.N.Y. 2007).  In applying these pleading requirements, "courts should strive to flush out frivolous RICO allegations at an early stage of the litigation" given the stigmatizing effect of RICO claims. *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996).  Here, Plaintiffs have failed to allege that Machete committed *any* predicate acts with specificity. The RICO claim also fails because Plaintiffs fail to adequately plead an enterprise.  Further, Plaintiffs have failed to adequately plead Machete proximately caused its damages.  Finally, the First Amendment bars this RICO claim as to Machete as it arises from protected speech. As such, they fail to meet RICO's strict pleading requirements.

Finally, the remaining claims also fail because they are remedies, and because Machete has no ongoing business relationship with Plaintiffs.  For these reasons, we respectfully request a pre-motion conference so Machete can move to dismiss Plaintiffs' untenable FAC.

    Sincerely,

    DAVIS WRIGHT TREMAINE, LLP

---

[2] For simplicity, this letter does not address choice-of-law issues and applies mostly New York law, as the Court should dismiss the FAC under both New York and California law.