

Gerard P. Fox, Esq.<br>gfox@gerardfoxlaw.com

October 15, 2020

<u>**VIA ECF**</u>

Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *Goureau, et al. v. Marcus Lemonis, et al.*, Case No. 1:20-cv-04691-MKV

Honorable Judge Vyskocil,

We represent Plaintiffs in the above captioned matter.  We write, pursuant to Rule 4.A.i of Your Honor's Individual Rules of Practice in Civil Cases, to respond to Defendant Machete Productions' ("Machete") October 9, 2020 letter.  Plaintiffs object to Machete's request, as discussed below, their motion to dismiss will likely be unsuccessful.

**I.    Background**

For years Plaintiffs ran a successful retail business that focused on high end women's fashion.  (First Amended Complaint ("FAC") ¶¶ 31-38.)  Plaintiffs were looking to take their business to the next level and were trying to find an investor with experience with family owned businesses and retail stores.  (*Id*. ¶ 37.)  Unfortunately, that is the exact persona that Defendant Marcus Lemonis ("Lemonis") portrays on his show "The Profit."

In 2014, Plaintiffs' store Courage.B, owned by Nominal Defendant Gooberry Corp. ("Gooberry") appeared on an episode of the show.  In order to get Plaintiffs to appear on the show Defendants made several misrepresentations to Plaintiffs.  Defendant Machete was indeed a cog in the machine as it conducted Skype calls with Plaintiffs telling them that Lemonis truly helps the businesses that appeared on the show and that he could and would help their business go to the next level.  (*Id*. ¶¶ 48-51.)  All Defendants worked to create Lemonis' persona, advertising and marketing for the show which included false representations that Lemonis helped the businesses that appeared on the show.  (*Id*. ¶¶ 38-42, 201, 203.)

While the show was filming, Machete, as producers on the show, along with the Lemonis Defendants continued making misrepresentations to Plaintiffs in order to induce them into a business relationship with Lemonis and his entities.  (*Id*. ¶¶ 53-63, 67-68.)  Machete and the Lemonis Defendants kept Plaintiffs in the dark about the renovations and changes being made to their business, and did not tell Plaintiffs they were exceeding the previously agreed upon budget for the work.  (*Id*.)  Thus, when it came time to paper the deal, Plaintiffs believed they had no choice but to move forward.  (*Id*. ¶ 65.)  As detailed in the FAC, Machete played a large role in the false representations made to Plaintiffs before and during the filming of the show, all with the intent for Lemonis to close the deal.



Defendant ML Retail, LLC purchased an interest in Gooberry and the Shareholder Agreement gave Lemonis and ML Retail nearly unbridled control over the company. (*Id*. ¶¶ 70-74.) As detailed extensively in the FAC, Defendants used this power over Gooberry to drown it in debt, mismanage the company, and misappropriate its assets. (*Id*. ¶¶ 75-120.)

## II.   Response To Machete's Arguments[1]

Machete's proposed motion to dismiss seems to hinge on the argument that it was mere bystander while the Lemonis Defendants consistently defrauded businesses it selected to appear on the show. First, Machete clings to a supposed mediation and venue agreement. However, Courts will not enforce such agreement when they were obtained by fraud or when enforcing them would be unjust. *Nat'l Union Fire Ins. Co. v. Konvalinka*, 2011 U.S. Dist. LEXIS 159028, at *5 (S.D.N.Y. Mar. 17, 2011); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972).

Machete's statute of limitations arguments fail because the statute runs from the discovery of a defendant's wrongs. CPLR 213; *Kings Antiques Corp. v Tucker*, 88 A.D.2d 820, 451 N.Y.S.2d 96, 1982 N.Y. App. Div. LEXIS 17130 (N.Y. App. Div. 1st Dep't 1982). At minimum there would at least be a question of fact as to when Plaintiffs' claims accrued such that dismissal would be improper.

The FAC contains sufficient allegations that Machete was the agent of the Lemonis Defendants. Machete searched for and screened small businesses to participate on "The Profit." (FAC ¶¶ 48-50.) These were small businesses that Lemonis was supposedly investing his own money in. The argument that there was there was no connection between the end line investor and the company finding these investment small businesses is not persuasive. Indeed, it is very likely that discovery will uncover a robust agency relationship between Machete and the Lemonis Defendants.

Further, the FAC includes detailed misrepresentations and statements made by Machete itself. (*Id*. ¶¶ 51-52, 58, 137, 146.) Apart from an agency theory, these misrepresentations and statements support Plaintiffs claims against Machete and fulfil Rule 9's particularity requirements. Again, the FAC describes with painstaking detail the representations all of the Defendants made that induced Plaintiffs into the agreements at issue and that constituted the continuing fraud. (*See e.g. id*. ¶¶ 38-69, 74-75.)

Plaintiffs' RICO claim has also been adequately plead. Contrary to Defendants' arguments it is not a rehash of their fraud and breach of contract claims but instead describes an enterprise which for years has used, among others, a television show, advertising, and media to promote the enterprise, gain control over small business, and defraud their owner. The FAC goes through detail explaining the predicate acts supporting Plaintiff's RICO claim (*id*. ¶¶ 203-206), the enterprise and each Defendants' role in the enterprise. (*Id*. ¶¶ 199-201.)

---

[1] To the extent that Machete incorporates the arguments made by the Lemonis Defendants in their September 16, 2020 letter (Dkt. No. 33), Plaintiffs' incorporate their responses in their September 18, 2020 letter (Dkt. No. 43).

1880 Century Park East | Suite 1410 | Los Angeles, CA 90067 | 310-441-0500 | www.gerardfoxlaw.com



a

      Further, Plaintiffs' causes of action for a receiver and injunction are proper claims that should not be dismissed.  *United States Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 255 n.4 (S.D.N.Y. 2012).

      Finally, to the extent the Court finds merit in any of Machete's argument in their proposed motion, Plaintiffs will request leave to amend the FAC.  Thank you for your time and attention to this matter.

      Respectfully Submitted,

      /s/ *Gerard P. Fox*

      Gerard P. Fox (*admitted pro hac vice*)
      GERARD FOX LAW P.C.


cc:    Jonathan L. Segal, Davis Wright Tremaine LLP (via ECF)
       Owen R. Wolfe, Seyfarth Shaw LLP (via ECF)
       Michael D. Wexler, Seyfarth Shaw LLP (via ECF)
       Jesse M. Coleman, Seyfarth Shaw LLP (via ECF)
       Kevin Green, Seyfarth Shaw LLP (via ECF)
       Maja Lukic, Gerard Fox Law P.C. (via ECF)
       Gerard P. Fox, Gerard Fox Law P.C. (via ECF)

1880 Century Park East | Suite 1410 | Los Angeles, CA 90067 | 310-441-0500 | www.gerardfoxlaw.com