

**Seyfarth Shaw LLP**
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606
T (312) 460-5000
F (312) 460-7000

mwexler@seyfarth.com
T (312)-460-5559

www.seyfarth.com

October 23, 2020

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York  10007

      Re:    *Goureau, et al. v. Marcus Lemonis, et al.*, Case No. 1:20-cv-04691-MKV

Honorable Judge Vyskocil:

      We represent Defendants Marcus Lemonis ("Lemonis"), ML Retail, LLC ("ML Retail"), and Marcus Lemonis, LLC (collectively, the "ML Defendants") in the above-referenced action brought by Nicolas Goureau ("Goureau") and Stephanie Menkin ("Menkin") (collectively "Plaintiffs") against the ML Defendants and Machete Corporation ("Machete") (collectively "Defendants").[1] We submit this letter, in accordance with Rule 4.A of Your Honor's Individual Rules of Practice in Civil Cases, to request a pre-motion conference regarding the ML Defendants' intention to file a motion, pursuant to 28 U.S.C. § 1404, to transfer venue of this action to the United States District Court for the Northern District of Illinois (the "N.D. Illinois") in the event that the Court declines to grant the ML Defendants' forthcoming motion to dismiss Plaintiffs' Amended Complaint (Dkt. No. 24) (the "Complaint").

      Counsel for Plaintiffs have advised that Plaintiffs do not consent to the ML Defendant's intended motion.

**BACKGROUND**

      The ML Defendants respectfully refer the Court to the "Background" section set forth in the ML Defendants' pre-motion letter, dated September 16, 2020 (Dkt. No. 33).  As is relevant here, the ML Defendants all reside or have their principal places of business in Illinois.  Compl. ¶¶ 19-21.  Plaintiffs attached to their Complaint a Credit Agreement and a Security Agreement, both of which contain mandatory venue selection clauses in Illinois.  Compl. Ex. C, § 7.4 ("The parties hereby agree to irrevocably submit to the personal and subject matter jurisdiction of the federal and state courts sitting in Chicago, Cook County, Illinois, and agree not to object to such venue for any reason at law or in equity"); Compl. Ex. D, § 8 (claims "based []on, or arising out of, under or in connection with" the Credit and Security Agreements "shall be brought and maintained exclusively in the Courts of the State of Illinois or in the United States District Court for with [sic] jurisdiction in Chicago, Illinois").  That the parties envisioned disputes relating to nominal defendant Gooberry Corp. ("Gooberry") being resolved in Illinois is further confirmed by the fact that the Gooberry Stock Purchase

---

[1] Machete is represented by separate counsel.



Agreement, annexed as Exhibit A to the Complaint, is governed by Illinois law. Compl. Ex. A, § 11.3.

The Credit and Security Agreements Plaintiffs annexed to their Complaint are critical to Plaintiffs' claims in this action. Plaintiffs allege that the Credit and Security Agreements "gave Lemonis the unfettered ability to misuse the assets of Gooberry," leading to the misconduct underlying all of the Plaintiffs' causes of action. Compl. ¶¶ 93-96. The ML Defendants' supposed misrepresentations regarding these Agreements also form part of the basis of Plaintiffs' fraudulent inducement and fraud claims. *Id.* ¶¶ 138, 147. Plaintiffs even seek to covertly recover the loans granted to Gooberry pursuant to these agreements ***as their own damages***, claiming that Lemonis "forc[ed]" Gooberry to take these loans and "saddle[d]" it with debt. *See id.* ¶¶ 137, 147, 156, 161, 167, 175.

**ARGUMENT**

In the event that the Court declines to grant the ML Defendants' forthcoming motion to dismiss the Complaint, the ML Defendants intend to seek, in the alternative, to transfer venue of this action to the N.D. Illinois pursuant to 28 U.S.C. § 1404. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ***or to any district or division to which all parties have consented***." 28 U.S.C. § 1404(a) (emphasis added). "[A] proper application of § 1404(a) requires that a forum selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atl. Marine Constr. Co. v. United States District Court*, 571 U.S. 49, 59-60 (2013).

Accordingly, in assessing whether to transfer an action in accordance with a forum selection clause, "a district court may consider arguments about public-interest factors only," which "will rarely defeat a transfer motion." *Atl. Marine Constr.*, 571 U.S. at 64. Those factors include "administrative difficulties that follow from court congestion, a local interest in having localized controversies decided at home, and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action." *Ainbinder v. Potter*, 282 F. Supp. 2d 180, 191 (S.D.N.Y. 2003) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

A litigant "seeking to avoid enforcement of a forum selection clause bear[s] the heavy burden of making a 'strong showing' in order to overcome the presumption of validity from which these clauses benefit." *Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co.*, 2004 U.S. Dist. LEXIS 3508, at *8-9 (S.D.N.Y. Mar. 5, 2004) (quoting *New Moon Shipping Co., Ltd. V. Man B&W Deisel AG*, 121 F.3d 24, 29 (2d Cir. 1997)). More specifically, the party must convince the Court that enforcement would be unreasonable and unjust, or that the clause is the result of fraud or overreaching. *See id.* at *9.

Here, as set forth above, the Credit and Security Agreements are integral to Plaintiffs' causes of action. Plaintiffs' causes of action clearly are "based []on, or aris[e] out of, under or in connection with" the Credit and Security Agreements, both of which have mandatory forum selection clauses requiring that Plaintiffs' claims be heard in N.D. Illinois. *See* Compl. Ex. D, § 8; *see also* Compl. Ex. C, § 7.4. Accordingly, the forum selection clauses should be enforced and the action transferred to the N.D. Illinois.

The public interest factors weigh in favor of transfer as well. Judicial efficiency would be



Honorable Mary Kay Vyskocil
October 23, 2020
Page 3

served by having the case heard in the N.D. Illinois.  Because the Gooberry Stock Purchase Agreement is governed by Illinois law, some or all of the claims in this action may be subject to Illinois law.  Illinois also has an interest in resolving this dispute, as the ML Defendants are all based in Illinois and their alleged misconduct took place in Illinois.  Accordingly, many of the witnesses and relevant documents are located in Illinois.  Moreover, many of Plaintiffs' allegations relate specifically to locations or events in Illinois.  Compl. ¶¶ 18 (Gooberry operates store in Lake Forest, Illinois), 99-100 (purchase of Runway store in Deerfield, Illinois), 102 (renovations of Deerfield, Illinois store), 111 (opening of retail store in Chicago).

      Plaintiffs have not even attempted to plead their heavy burden to show that the forum selection clauses are not binding or should not be enforced here.  Nor could they: Menkin signed the Credit and Security Agreements, and is the individual to receive notice under these agreements, on behalf of the entity for whom Plaintiffs are purportedly bringing derivative suit in this action, Gooberry.  *See* Compl. Ex. C, § 7.8 and pg. 12; Compl. Ex. D, pg. 10.  The venue clauses to which Menkin, on behalf of Gooberry, agreed are binding upon Gooberry and, by extension, Plaintiffs in this purported derivative lawsuit.  Even setting aside the forum selection clause, transfer is appropriate for the convenience of the parties and the witnesses.  As set forth above, the ML Defendants and many of the relevant witnesses and documents are in Illinois.  New York is not the more convenient forum, as Plaintiff Goureau resides in Florida and only Plaintiff Menkin resides in New York.  Compl. ¶¶ 16-17.

      In short, both as a matter of contract and of the parties' and witnesses' convenience, this action should be heard in the N.D. Illinois.  There can be no doubt that Plaintiffs' claims in this action are subject to the forum selection clauses in the agreements that Plaintiffs themselves annexed to the Complaint.  There is no basis upon which Plaintiffs should be entitled to avoid the bargain they struck, especially given the presence of relevant witnesses and documents in Illinois.  Accordingly, if the Court does not dismiss this lawsuit in its entirety, it should transfer the action to N.D. Illinois.

      Respectfully submitted,

      SEYFARTH SHAW LLP

      */s/ Michael D. Wexler*

      Michael D. Wexler

cc:    Jesse M. Coleman, Seyfarth Shaw LLP (via email)
       Owen R. Wolfe, Seyfarth Shaw LLP (via email)
       Kevin Green, Seyfarth Shaw LLP (via email)
       Maja Lukic, Gerard Fox Law (via ECF)
       Gerard P. Fox, Gerard Fox Law (via ECF)
       Lauren Green, Gerard Fox Law (via ECF)