

a

Gerard P. Fox, Esq.
gfox@gerardfoxlaw.com

October 28, 2020

*VIA ECF*

Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

**Re:**   ***Goureau, et al. v. Marcus Lemonis, et al.*, Case No. 1:20-cv-04691-MKV**

Honorable Judge Vyskocil,

We represent Plaintiffs in the above captioned matter.  We write, pursuant to Rule 4.A.i of Your Honor's Individual Rules of Practice in Civil Cases, to respond to Defendants' October 23, 2020 letter.  As set forth herein, Defendants' proposed motion to transfer venue to the United States District Court for the Northern District of Illinois is a non-starter.

As an initial matter, given that Defendants' Motion to Dismiss (Dkt. No. 44), which discusses the same venue issues, will not be fully briefed until December 11, 2020, it does not make sense for the parties to engage in additional, costly, briefing on Defendants' instant proposed motion.  Indeed, the Court may address the validity of applying forum selection clauses to Plaintiffs, who did not sign the agreements, in its decision on Defendants' motion to dismiss.  This has the potential to moot Defendants' instant proposed motion.  Thus, any briefing on Defendants' proposed motion to transfer venue should not take place until after the Court rules on their pending Motion to Dismiss.

## I.   Background

Plaintiffs incorporate the background sections in their September 18, 2020, and October 15, 2020 letters regarding Defendants' proposed motions to dismiss.  (Dkt. Nos. 34 & 41.)  The First Amended Complaint ("FAC") includes an October 1, 2016 Credit Agreement between Gooberry Corp. and ML Fashion, LLC ("Credit Agreement") as Exhibit C and an October 1, 2020 Security Agreement between Gooberry Corp. and ML Fashion, LLC ("Security Agreement") as Exhibit D.  Of all of the parties in this case, only Nominal Defendant Gooberry Corp. is a party to either agreement.  To be sure, ***no Plaintiff is a party to the agreements and none of the other Defendants are parties to the agreements***.  Further, Plaintiffs' claims do not actually arise from those agreements.  Thus, as discussed below, transferring venue based on the Credit Agreement and Security Agreement would be improper.

1

1880 Century Park East | Suite 1410 | Los Angeles, CA 90067 | 310-441-0500 | www.gerardfoxlaw.com



a

## II.      Plaintiffs Have Not Consented To Venue In Illinois

Defendants argue that 28 U.S.C. § 1404 authorizes a court to transfer venue "to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  There's just one problem—Plaintiffs never consented to venue in the Northern District of Illinois.

As discussed above, only Nominal Defendant Gooberry Corp. is a party to either the Credit Agreement or the Security Agreement.  Plaintiffs are not parties to the agreements and, as such, did not consent to the forum selection clauses therein.  Here, Defendants, who are non-signatories to the agreements, and trying to enforce the venue clauses therein against Plaintiffs, who are also non-signatories to the agreements.

The fact that none of the Plaintiffs or Defendants are parties to the Credit Agreement and Security Agreement emphasizes the point that Plaintiffs' claims ***do not arise from those agreements***.  Plaintiffs have not sued under those agreements and none of their claims assert any breach of those agreements.  Instead, the Credit Agreement and Security Agreement are attached to the FAC to illustrate some of the mechanisms through which Defendants were able to saddle Gooberry with debt.

Additionally, the only other party to the agreements, ML Fashion, LLC, is not involved in this litigation at all.  Plaintiffs have not sued ML Fashion, LLC, and are not seeking any recourse from ML Fashion, LLC, or any Defendant, arising from the Credit Agreement and Security Agreement.

To be sure, the Credit Agreement and Security Agreement were entered into roughly two years after the contracts from which Plaintiffs' claims actually arise—the Shareholder Agreement and the Stock Purchase Agreement.  As Defendants concede, ***neither of those agreements have forum selection clauses***.  The simple fact that those agreements have provisions applying Illinois law but do not have forum selection clauses shows that the Parties did not anticipate litigating those claims in Illinois.

Moreover, while there are situations where a non-signatory can enforce a forum selection clause against a signatory and situations where a signatory can enforce a forum selection clause against a non-signatory, there does not appear to be case law supporting what Defendants are attempting here, which is a non-signatory enforcing a forum selection clause against another non-signatory.

Further, even if non-signatory Defendants could enforce the forum selection clause against non-signatory Plaintiffs, it would be improper here.  Under Illinois law, which governs the Credit Agreement and Security Agreement, "to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993).  The driving force behind this rule is mutuality and affiliation.  *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 439 (7th Cir. 2012) ("This is a vague standard, but it can be decomposed into two reasonably precise principles, which we'll call affiliation and mutuality.").

"Pursuant to the principle of mutuality, a non-signatory may invoke a forum-selection clause to the extent the clause could be invoked against it." *Buffet Crampon S.A.S. v. Schreiber & Keilwerth*, No. 3:09-CV-347RM, 2009 U.S. Dist. LEXIS 101391, at *28 (N.D. Ind.

1880 Century Park East  |  Suite 1410  |  Los Angeles, CA 90067  |  310-441-0500  |  www.gerardfoxlaw.com



a

Nov. 2, 2009).  Mutuality is simply not a concern here, neither Defendants nor Plaintiffs are signatories to the Credit Agreement or Security Agreement.

Similarly, Plaintiffs are not the types of affiliates against whom enforcing a forum selection clause would be appropriate.  *Hugel*, 999 F.2d at 210 (signatory owned 100% of stock in one non-signatory and 99% of the stock of another, and both non-signatories were "equally bound" by the forum selection clause.)  Here, neither Plaintiff is a majority owner of Gooberry. (FAC ¶ 69, Ex. A.)  Further, Lemonis was vested with the sole power to control the operations of Gooberry, including its debt facilities, a category under which the Credit Agreement and Security Agreement surely fall.  (FAC ¶¶ 71-74, 93-94.)

Moreover, the Northern District of Illinois would not have personal jurisdiction over Plaintiffs.  Menkin is a citizen of New York and Goureau is a citizen of Illinois.  (FAC ¶¶ 16-17.)  Indeed, the interaction with Illinois, as touted by Defendants in their letter, was done by Gooberry, the company, and not Plaintiffs individually.

Moreover, the Credit Agreement and Security Agreement are not sufficient to confer personal jurisdiction over Plaintiffs.  Again, Plaintiff Goureau did not sign either agreement in any capacity whatsoever.  Plaintiff Menkin only signed the agreements in her capacity as an officer of Nominal Defendant Gooberry.  This is not enough to confer jurisdiction under the Credit Agreement and Security Agreement.  *See Monco v. Zoltek Corp.*, 2019 WL 952138, at *15-17 (N.D. Ill. Feb. 27, 2019) (rejecting the notion of "closely-related" parties for purposes of jurisdiction based on a forum selection clause where the signatory is an officer who "signs an agreement on behalf of a corporation and indicates next to his signature his corporate affiliation," thus signifying that "the officer is not personally bound), citing, *inter alia*, *Sullivan v. Cox*, 78 F.3d 322, 326 (7th Cir. 1996), *Patriot Resource Partners II, LLC v. Service Disabled Veterans Business Assocs., Inc.*, 2008 WL 4534017, at *6 (N.D. Ill. Oct. 3, 2008) (holding that officer did not waive personal jurisdiction by signing an agreement containing a forum selection clause where he signed it in his representative capacity on behalf of corporation, and agreement did not mention him personally), and *G2 Enterprises, LLC v. Nee*, 2006 WL 1647518, at *3 (N.D. Ill. June 7, 2006) (holding that officer did not waive personal jurisdiction by signing contract containing forum selection clause where he signed in his official capacity and contract did not mention him personally).

Thank you for your time and attention to this matter.

Respectfully Submitted,

/s/ *Gerard P. Fox*

Gerard P. Fox (*admitted pro hac vice*)
GERARD FOX LAW P.C.

cc:     Owen R. Wolfe, Seyfarth Shaw LLP (via ECF)
        Michael D. Wexler, Seyfarth Shaw LLP (via ECF)
        Jesse M. Coleman, Seyfarth Shaw LLP (via ECF)
        Kevin Green, Seyfarth Shaw LLP (via ECF)

3



a

Jonathan L. Segal, Davis Wright Tremaine LLP (via ECF)
Maja Lukic, Gerard Fox Law P.C. (via ECF)
Gerard P. Fox, Gerard Fox Law P.C. (via ECF)

4