**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICOLAS GOUREAU and STEPHANIE MENKIN,  :
individually and derivatively on behalf of            :
GOOBERRY CORP., a New York corporation,       :
                                                                               :
                   Plaintiffs,                                          :        Case No. 1:20-cv-04691-MKV
                                                                               :
- against -                                                               :
                                                                               :
MARCUS LEMONIS, an individual, ML RETAIL,  :
LLC, a Delaware limited liability company,         :
MARCUS LEMONIS, LLC, a Delaware limited       :
liability company, and MACHETE CORPORATION :
d/b/a MACHETE PRODUCTIONS, a California        :
corporation,                                                           :
                                                                               :
                   Defendants,                                        :
                                                                               :
and                                                                         :
                                                                               :
GOOBERRY CORP., a New York corporation,       :
                                                                               :
                   Nominal Defendant.                         :
                                                                               :
                                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS MARCUS LEMONIS, ML RETAIL, LLC, AND**
**MARCUS LEMONIS, LLC'S REPLY MEMORANDUM OF**
<u>**LAW IN FURTHER SUPPORT OF MOTION TO DISMISS**</u>

## TABLE OF CONTENTS

Page

I.    PRELIMINARY STATEMENT ...................................................................................1

II.   ARGUMENT ...........................................................................................................1

      A.    The Complaint must be dismissed for improper venue under Federal Rule of
            Civil Procedure 12(b)(3). .........................................................................................1

      B.    Plaintiffs' lawsuit is barred by the prohibition against claim splitting. .................4

      C.    Plaintiffs failed to plead demand futility for their derivative claims. ....................5

      D.    Plaintiffs' tort claims fail to state plausible claims outside of contract ................6

            1.    Plaintiffs are unable to plead their alter ego claims ..................................6

            2.    The economic loss doctrine and the fact that Plaintiffs' claims derive
                  from alleged breach of contract further bar Plaintiffs' claims ..................6

      E.    Plaintiffs' civil RICO claim (Count 9) should be dismissed. ................................7

      F.    Plaintiffs' equitable claims for remedies should be dismissed. .............................8

      G.    Leave to amend should be denied. ...........................................................................9

III.  CONCLUSION ......................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*@Wireless Enters. V. AI Consulting, LLC*,
  2006 U.S. Dist. LEXIS 79874 (W.D.N.Y. Oct. 30, 2006) ......................................................6

*Blackrock Core Bond Portfolio v. U.S. Bank N.A.*,
  165 F. Supp. 3d 80 (S.D.N.Y. 2016)......................................................................................7

*Blackrock Balanced Capital Portfolio (FI) v. U.S. Bank, N.A.*,
  165 A.D.3d 526 (1st Dep't 2018)...........................................................................................7

*BNP Paribas Mortg. v. Bank of Am., N.A.*,
  949 F. Supp. 2d 486 (S.D.N.Y. 2013)....................................................................................7

*Cedric Kushner Promotions, Ltd. v. King*,
  533 U.S. 158 (2001) ...............................................................................................................8

*In re Currency Conversion Fee Antitrust Litigation*,
  265 F. Supp. 2d 385 (S.D.N.Y. 2003) ...................................................................................6

*D.H. Blair & Co. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2005) ....................................................................................................3

*Elgin v. Dep't of Treasury*,
  567 U.S. 1 (2012).....................................................................................................................4

*Firefly Equities LLC v. Ultimate Combustion Co.*,
  736 F. Supp. 2d 797 (S.D.N.Y. 2010)....................................................................................2

*Hartree Partners, LP v. Camin Cargo Control, Inc.*,
  2016 N.Y. Misc. LEXIS 1489 (N.Y. Sup. Ct. Apr. 18, 2016)...............................................7

*Koenig v. Boulders Brands, Inc.*,
  995 F. Supp. 2d 274 (S.D.N.Y. 2014) ...................................................................................7

*Lucente v. IBM*,
  310 F.3d 243 (2d Cir. 2002) .................................................................................................10

*Manchanda v. Google*,
  2016 U.S. Dist. LEXIS 158458 (S.D.N.Y. Nov. 16, 2012)...................................................7

*Marx v. Akers*,
  88 NY2d 189 (1996)................................................................................................................5

*Metro-Goldwyn-Mayer Studio Inc. v. Canal+ Distrib. S.A.S.*,
   2010 U.S. Dist. LEXIS 12765 (S.D.N.Y. Feb. 5, 2010) .........................................................3

*NuMSP, LLC v. St. Etienne*,
   2020 U.S. Dist. LEXIS 90794 (S.D.N.Y. May 22, 2020) .......................................................2

*Overseas Ventures, LLC v. Row Mgmt, Ltd.*,
   2012 U.S. Dist. LEXIS 159097 (S.D.N.Y. Oct. 26, 2012).....................................................2

*Ritchie v. Landau*,
   475 F.2d 151 (2d Cir. 1973) ................................................................................................4

*Sysco Food Serv. Of Metro N.Y., LLC v. Jekyll & Hyde, Inc.*,
   2009 U.S. Dist. LEXIS 108317 (S.D.N.Y. Nov. 17, 2009).....................................................6

*In re TGM Enterprises, L.L.C.*,
   2008 WL 4261035 (Del. Ch. Sept. 12, 2008) .........................................................................5

*United States Bank Nat'l Ass'n v. Nesbitt Bellevue Prop., LLC*,
   866 F. Supp. 2d 247 (S.D.N.Y. 2012) ....................................................................................9

*Walker, Truesdell, Roth & Assoc., Inc. v. Globepop Fin. Servs. LLC*,
   2013 N.Y. Misc. LEXIS 6561 (N.Y. Sup. Ct. May 27, 2013)................................................2

**Other Authorities**

N.Y. CPLR 6401 .......................................................................................................................9

The ML Defendants[1] respectfully submit this reply memorandum of law in further support of their motion for an order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing Plaintiffs' Complaint.

## I.   PRELIMINARY STATEMENT

Plaintiffs' opposition confirms what the ML Defendants established in their opening brief: Plaintiffs have brought duplicative lawsuits in two improper forums, rather than bringing a single suit in the required forum, Illinois.  Plaintiffs also have no valid response to the ML Defendants' showing that Plaintiffs' various tort claims are improperly disguised contract claims, that they have not adequately alleged a civil RICO claim, and that the various equitable remedies they seek are not causes of action.  The Complaint should be dismissed with prejudice, and the Court should not permit what would be a futile amendment.[2]

## II.   ARGUMENT

### A.   The Complaint must be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3).

Plaintiffs make no real effort to rebut the ML Defendants' showing in their opening brief that Plaintiffs' claims in this action are "based []on, or aris[e] out of, under or in connection with" the Credit and Security Agreements, which contain mandatory forum selection and venue provisions requiring that suit be brought in Illinois.  Br. 7.  Plaintiffs nonetheless contend that they should not be bound by these clear contractual provisions because "none of the Plaintiffs or Defendants are parties [sic] to the Credit Agreement and Security Agreement," an argument that

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the ML Defendants' opening memorandum of law (ECF No. 45) ("Br.").  Plaintiffs' opposition is cited herein as "Opp."

[2] Plaintiffs' argument that the Court should not consider Plaintiffs' public statements, including statements made during the episode of "The Profit" that Plaintiffs themselves describe in their Complaint (Opp. 1 n.1), fails for the reasons set forth in the ML Defendants' opening brief.  Br. 2 n.2.

is facially absurd.  Opp. 4-5.  Plaintiffs are purporting to sue on behalf of one of the parties to the Agreements, Gooberry, and Plaintiffs expressly base those derivative claims in large part on the allegation that Gooberry was improperly forced to enter into the Agreements.  Compl. ¶¶ 93-96,137, 147, 156, 161, 167, 175.  Essentially, Plaintiffs' argument is that they can bring claims "in connection with" the Agreements, but are not bound by the Agreements' venue provisions, because they are suing on Gooberry's behalf, rather than having Gooberry sue directly.  This argument defies common sense, and is contrary to the law.  *See Overseas Ventures, LLC v. Row Mgmt, Ltd.*, 2012 U.S. Dist. LEXIS 159097, at *16 (S.D.N.Y. Oct. 26, 2012); *see also Walker, Truesdell, Roth & Assoc., Inc. v. Globepop Fin. Servs. LLC*, 2013 N.Y. Misc. LEXIS 6561, at *21-22 (N.Y. Sup. Ct. May 27, 2013).

As a result, the Court need not consider Plaintiffs' disingenuous argument that they are not "closely related" to Gooberry for purposes of the Agreements (Opp. 5-7), but that argument fails too.  "Courts in this district have generally found such 'close relationship' in two kinds of situations: (1) 'where the non-signatory had an active role in the transaction between the signatories,' or (2) 'where the non-signatory had an active role in the company that was the signatory.'"  *NuMSP, LLC v. St. Etienne*, 2020 U.S. Dist. LEXIS 90794, at *38-39 (S.D.N.Y. May 22, 2020).  Both prongs are easily met here.  Menkin had an active role in the transaction: she signed the Credit and Security Agreements and is the individual to receive notice under these agreements, on behalf of Gooberry.  *See* Compl. Ex. C, § 7.8 and pg. 12; Compl. Ex. D, pg. 10; *see also Firefly Equities LLC v. Ultimate Combustion Co.*, 736 F. Supp. 2d 797, 800 (S.D.N.Y. 2010) (corporate president who signed agreement "in his representative rather than individual capacity" was bound by forum selection clause "in his individual capacity").  Plaintiffs also both allege that they had active roles in Gooberry generally.  *See, e.g.,* Compl. ¶¶ 31-37, 89-90, 107.

2

Plaintiffs' contrary contention rests upon their extraordinarily misleading claim that "neither Plaintiff is a majority owner of Gooberry." Opp. 6. Of course, Plaintiffs admit that, together, they own "a majority interest in" Gooberry. Compl. ¶¶ 16-17. As majority owners of Gooberry asserting claims on Gooberry's behalf, Plaintiffs cannot plausibly claim that they are not "closely related" to Gooberry and the Agreements. *See, e.g., Metro-Goldwyn-Mayer Studio Inc. v. Canal+ Distrib. S.A.S.*, 2010 U.S. Dist. LEXIS 12765, at *15-16 (S.D.N.Y. Feb. 5, 2010) (majority owners of corporation bound by forum selection clause in agreement signed by corporation).

Plaintiffs' final argument—that Plaintiffs are not subject to jurisdiction in Illinois (despite also oddly conceding that Goureau is an Illinois citizen, Opp. 7.)— is contradicted by well-settled law that parties bound by a forum selection clause have consented to personal jurisdiction in the forum. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2005). Moreover, Plaintiffs have extensive contacts with Illinois, including that they frequently worked in Illinois and the company they formed and helped run, ML Fashion, operated retail stores in Illinois. *See, e.g., ML Fashion, LLC v. Nobelle, et al.*, Case No. 20-cv-5124 (N.D. Ill.), ECF No. 35, ¶¶ 11, 44-51. Goureau and Menkin also do not need to consent to the personal jurisdiction of Illinois courts in order for their claims to naturally and exclusively arise there.

In short, Plaintiffs have no valid response to the ML Defendants' showing that this action does not belong in New York. The Complaint should be dismissed for that reason.[3]

---

[3] In the alternative, on October 23, 2020, the ML Defendants filed a letter-request for a pre-motion conference regarding their intention to file a motion to transfer this action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404. ECF No. 43. If the Court declines to dismiss the Complaint outright, the ML Defendants respectfully request that the Court either set a briefing schedule for the ML Defendants' intended motion to transfer, or simply transfer the action for the reasons set forth above and in the ML Defendants' letter-request.

**B.      Plaintiffs' lawsuit is barred by the prohibition against claim splitting.**

Plaintiffs concede that the New York Action and the Delaware Action overlap and share many of the same allegations, which bars this duplicative action. *See also* Br. 9-10; Wexler Decl. Exs. B-C (charts comparing claims and factual allegations. But they half-heartedly argue that the duplicative nature of the actions does not matter because the actions are not "identical" in every way (Opp. 9-11), which is of course not the law (Br. 8-10). The claim splitting inquiry asks not whether the two actions are identical, or whether the Delaware state court can hear civil RICO claims (Opp. 10-11), but whether all of these claims could have been asserted in a single action. The answer to that is yes, and the "differences" highlighted by Plaintiffs confirm this: Plaintiffs' purported claims in Delaware on behalf of ML Fashion, Gooberry's *de facto* successor; against MLG Retail, the alleged holder of most of Gooberry's assets; and against Raffel, the founder of Gooberry's alleged sole remaining asset, could have, and should have, been asserted in a single action along with Plaintiffs' Gooberry-related claims and, to the extent not dismissed, their civil RICO claim in federal court in Illinois.

Plaintiffs also incorrectly argue that they can sue the same defendants based upon the same facts in as many different courts across the country as they like, so long as they only have one action in this Court and keep the other actions in state court. Opp. 8-9. But courts in this Circuit have held that dismissal of claims for claim splitting is appropriate when a party has filed duplicative federal and state actions. *See* Br. 8-9. In any event, as Plaintiffs concede (Opp. 9), "a tribunal generally has discretion to decide whether to dismiss a suit when a similar suit is pending elsewhere." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 14 (2012); *see also Ritchie v. Landau*, 475 F.2d 151, 156 n.5 (2d Cir. 1973) ("Courts should not permit the splitting of causes of action when the result of doing so could result in vexatious litigation . . . and an undue clogging of the dockets of the court"). The Court should exercise that discretion and dismiss Plaintiffs' duplicative suit.

Further, the presence of dissolution claims (Opp. 10-11) does not preclude dismissal because Plaintiffs have not established a basis on which to dissolve either company.  N.Y. Gen. Bus. Law § 1104-a; 6 Del. C. § 18-802.  Plaintiffs' own cited authority makes clear that the issue of dissolution can be dealt with separately by another court following resolution of the underlying purported claims in order to determine whether Plaintiffs' even have a basis on which to seek dissolution.  *See In re TGM Enterprises, L.L.C.*, 2008 WL 4261035, at \*2 (Del. Ch. Sept. 12, 2008) (Opp. 11).  A single court should resolve Plaintiffs' primary claims and, if Plaintiffs prevail on those claims, they can re-apply to court(s) in the appropriate jurisdiction(s) at that time to seek dissolution of Gooberry and ML Fashion.  Plaintiffs cannot maintain two simultaneous, duplicative actions merely because they hope to one day be entitled to seek dissolution.

Whether as a matter of claim splitting or judicial efficiency, the Court should not allow Plaintiffs to proceed against the ML Defendants simultaneously in multiple forums based upon nearly identical factual allegations.  The claims in this Court should be dismissed.

### C.     Plaintiffs failed to plead demand futility for their derivative claims.

Plaintiffs effectively concede in their opposition brief that nothing in the Shareholder Agreement requires Gooberry to obtain ML Retail's consent to file suit (Br. 11), and they point to no contrary provision of that Agreement.  Opp. 11-12.  Plaintiffs also fail to dispute that they control the majority of Gooberry's shares and the majority of the seats on Gooberry's board of directors.  *See* Br. 10-11.  And, despite Plaintiffs' mischaracterization of the case, the legal authority they cite confirms that demand futility is pled only when "a ***majority of the board of directors*** is interested," not where, as here, only one director is alleged to be "interested."  Opp. 12 (quoting *Marx v. Akers*, 88 NY2d 189, 200 (1996)) (emphasis added).  Plaintiffs are desperately seeking to avoid bringing a direct action through Gooberry to try to skirt the binding effect of the mandatory venue provisions in the Credit and Security Agreement.  They are bound by those venue

provisions in any event, as set forth above, but their attempt to avoid those provisions by refusing to file a direct action by Gooberry should be rejected.

### D.   Plaintiffs' tort claims fail to state plausible claims outside of contract.

#### 1.   Plaintiffs are unable to plead their alter ego claims.

Plaintiffs concede that, as set forth in the ML Defendants' opening papers (Br. 12), "group pleading" is improper, and they utterly fail to show that their deficient alter ego pleading remedies that fatal defect. Opp. 13-15. Plaintiffs' conclusory allegations do not meet the Rule 8 standard—indeed, simply stating that entities satisfy the elements of an alter ego finding, without pleading any supporting facts, is insufficient, even where a plaintiff has pled that a single person is the president and owner of those entities. *@Wireless Enters. V. AI Consulting, LLC*, 2006 U.S. Dist. LEXIS 79874, at *19-20 (W.D.N.Y. Oct. 30, 2006) (pleading that the same person was "the President, Chief Executive Officer (CEO) [and] owner' of both" entities was too "conclusory . . . to state a claim"); *see also, e.g., Sysco Food Serv. Of Metro N.Y., LLC v. Jekyll & Hyde, Inc.*, 2009 U.S. Dist. LEXIS 108317, at *8-9 (S.D.N.Y. Nov. 17, 2009); *In re Currency Conversion Fee Antitrust Litigation*, 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003).

Accordingly, Plaintiffs have failed to adequately plead alter ego status among the ML Defendants. Br. 13. For that reason, their fraud claims necessarily lack the particularity required by Rule 9(b), and must be dismissed as well. Br. 14-15.

#### 2.   The economic loss doctrine and the fact that Plaintiffs' claims derive from alleged breach of contract further bar Plaintiffs' claims.

Whether it is called the economic loss doctrine or a prohibition on bringing tort claims sounding in contract, Plaintiffs' causes of action for fraud, breach of fiduciary duty, unjust enrichment, misappropriation of corporate assets, mismanagement and waste, and conversion are barred. Specifically, "where a plaintiff is pursuing a claim based upon a contract, 'tort claims . . .

fail [where, as in this case, a] plaintiff merely alleges economic loss.'" *Hartree Partners, LP v. Camin Cargo Control, Inc.*, 2016 N.Y. Misc. LEXIS 1489, at *5 (N.Y. Sup. Ct. Apr. 18, 2016) (brackets in original); *see also, e.g., Blackrock Core Bond Portfolio v. U.S. Bank N.A.*¸ 165 F. Supp. 3d 80, 106 (S.D.N.Y. 2016) (breach of fiduciary duty claims barred by economic loss doctrine); *Blackrock Balanced Capital Portfolio (FI) v. U.S. Bank, N.A.*, 165 A.D.3d 526, 528 (1st Dep't 2018) (same). Here, where Plaintiffs have pleaded nothing but economic loss arising out of an allegedly breached contract, their tort claims must fail.

Plaintiffs next erroneously argue that their tort claims are not duplicative because they have not pleaded a breach of contract claim. Opp. 18; *see also id.* at 18-20 (making a similar argument regarding their claims for good faith and fair dealing and unjust enrichment). But the fact that Plaintiffs are pleading tort claims claims arising out of the agreements between the parties just confirms that Plaintiffs are improperly attempting to "transmogrify" claims that the ML Defendants breached the Shareholder Agreement into tort claims. Br. 15 (quoting *BNP Paribas Mortg. v. Bank of Am., N.A.*, 949 F. Supp. 2d 486, 505 (S.D.N.Y. 2013)). Moreover, contrary to Plaintiffs' assertion (Opp. 19-20), even at the motion to dismiss stage, "an unjust enrichment cause of action is not permitted where it is duplicative of other avenues for relief, as is the case here with [Plaintiff's] multiple overlapping claims." *Manchanda v. Google*, 2016 U.S. Dist. LEXIS 158458, at *16 (S.D.N.Y. Nov. 16, 2012); *see also Koenig v. Boulders Brands, Inc.*, 995 F. Supp. 2d 274, 290-91 (S.D.N.Y. 2014); Br. 18. Accordingly, all of these claims must be dismissed.

## E. Plaintiffs' civil RICO claim (Count 9) should be dismissed.

Plaintiffs concede the difficulty of pleading civil RICO claims, and have failed to offer any valid response to the ML Defendants' showing that Plaintiffs failed to meet their heavy burden. As an initial matter, the ML Defendants established that Plaintiffs failed to plead the requisite number of "predicate acts" with particularity. Br. 21-23. Plaintiffs do not even respond to this

fatal defect, other than by simply reciting the same allegations that the ML Defendants'
demonstrated were inadequate.  Opp. 23-24.  Plaintiffs' utter failure to plead the predicate acts
with the required particularity, without more, warrants dismissal of their civil RICO claim.

Although the Court need not consider further arguments in light of Plaintiffs' failure to
plead the required predicate acts, Plaintiffs also failed to rebut the ML Defendants' showing that
a plaintiff cannot plead that members of a unified organization, or entities that are alleged alter
egos, are both a "person" and an "enterprise" for RICO purposes.  Br. 19-21; Opp. 20-22.  Instead,
Plaintiffs incorrectly rely on *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001) (Opp.
21), which has no relation to the facts here.  In *Cedric Kushner*, the plaintiff alleged that Don King
was the "person" and that an entity he controlled, Don King Productions, was the "enterprise," *i.e.*,
the "person" and "enterprise" were related, but not one and the same.  *Cedric Kushner*, 533 U.S.
at 160-61.  Here, by contrast, Plaintiffs have alleged that each of the ML Defendants are both the
"person" and the "enterprise," a factual scenario *Cedric Kushner* expressly distinguished.  *See id.*
at 164.   Numerous cases decided since *Cedric Kushner* have confirmed that allegations
substantively identical to Plaintiffs' fail to plead a RICO "enterprise."  Br. 19-21.

Plaintiffs attempt to salvage their "enterprise" arguments by asserting nonsensically that
Machete was part of the enterprise, and that it engaged in activities other than as an agent for the
ML Defendants.  Opp. 22.  Whatever else Machete may have been doing, Plaintiffs' civil RICO
claim depends upon their allegation that Machete was carrying out the regular affairs of the ML
Defendants by recruiting businesses to appear on "The Profit."  Compl. ¶ 22.  Again, an agent
carrying out the regular affairs of the ML Defendants is not sufficient to establish an "enterprise."
Br. 21.  Plaintiffs' RICO claims fail and should be dismissed.

### F.     Plaintiffs' equitable claims for remedies should be dismissed.

Plaintiffs argue unpersuasively in a single paragraph that their requests for various

remedies, dressed up as causes of action, should not be dismissed, relying on a footnote in *United States Bank Nat'l Ass'n v. Nesbitt Bellevue Prop., LLC*, 866 F. Supp. 2d 247 (S.D.N.Y. 2012) for the position that when remedies provided under state law are asserted in federal court, "they are a cause of action and a remedy."  Opp. 24.  But that case demonstrates the opposite: "[a]s a general matter, when a receiver is sought" it "is not a substantive right but is a remedy . . . ."  *Nesbitt Bellevue*, 866 F. Supp. 2d at 254.  Remedies are also causes of action only when the plaintiff relies upon "a state statute that creates the ***substantive right to a receiver***."  *Id.* at 254 n.4 (emphasis added).

Plaintiffs are not relying upon a New York state statute providing a substantive right to a receiver in the Complaint, but rather upon equity (*see* Compl. ¶¶ 227-33), and do not cite to any such statute in their opposition.  For example, Section 6401 of the New York Civil Practice Laws and Rules ("CPLR") cited by Plaintiffs (Opp. 24) does not provide a substantive cause of action for appointment of a receiver, but rather allows courts to appoint a temporary receiver for property that already "is the subject of an action" when "there is danger that the property will be removed from the state, or lost, materially injured or destroyed."  N.Y. CPLR 6401(a).  Plaintiffs have not established the existence of a substantive right to assert remedies as causes of action.

## G.    Leave to amend should be denied.

Plaintiffs have already filed one amended complaint after the ML Defendants' motion to dismiss in Delaware exposed the flaws in Plaintiffs' pleading duplicative pleading in this Court. Plaintiffs have nonetheless failed to correct those flaws, and have not submitted a proposed further amended complaint or otherwise explained how they could cure the deficiencies identified by the ML Defendants.  In fact, they cannot do so.  No amount of amended allegations can change that this action is duplicative of the Delaware Action and was brought in an improper venue.  Nor can Plaintiffs correct the substantive pleading defects in the claims, as outlined above.  Presumably, if

Plaintiffs could do so, they would have done so before filing an amended Complaint, since they knew what the ML Defendants would argue in this motion.  The fact that any further amendment would be futile is reason enough to deny leave to amend.  *Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002).

## III.   CONCLUSION

Defendants Marcus Lemonis, ML Retail, LLC, and Marcus Lemonis, LLC respectfully request the Court grant their Motion to Dismiss and for the Court to dismiss all causes of action against the ML Defendants, with prejudice.  Defendants request all further relief to which they may be entitled.

Dated:  December 11, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By:   */s/ Michael D. Wexler*
_____
Michael D. Wexler
(*admitted pro hac vice*)
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5559

Jesse M. Coleman
(*admitted pro hac vice*)
700 Milam Street, Suite 1400
Houston, Texas  77002
Telephone: (713) 238-1805

Owen R. Wolfe (OW1931)
620 Eighth Avenue
New York, New York  10018
Telephone: (212) 218-5500

*Attorneys for Defendants*
*Marcus Lemonis, ML Retail, LLC, and*
*Marcus Lemonis, LLC*