

**Seyfarth Shaw LLP**
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606
T (312) 460-5000
F (312) 460-7000

mwexler@seyfarth.com
T (312)-460-5559

www.seyfarth.com

March 30, 2021

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York  10007

Re:     *Goureau, et al. v. Marcus Lemonis, et al.*, Case No. 1:20-cv-04691-MKV

Honorable Judge Vyskocil:

We represent Defendants Marcus Lemonis ("Lemonis"), ML Retail, LLC ("ML Retail"), and Marcus Lemonis, LLC (collectively, the "ML Defendants") in the above-referenced action brought by Nicolas Goureau ("Goureau") and Stephanie Menkin ("Menkin") (collectively "Plaintiffs") against the ML Defendants and Machete Corporation ("Machete") (collectively "Defendants").[1]  We submit this letter in response to Plaintiffs' March 30, 2021 letter (Dkt. No. 57), which improperly seeks leave to file a second amended complaint in this action.  Plaintiffs filed their letter-request without requesting a pre-motion conference, and without first conferring with the ML Defendants to ascertain whether the ML Defendants consent, in violation of Rule 4.A.i of the Court's Individual Rules of Practice in Civil Cases.  The ML Defendants accordingly write to advise the Court that they oppose Plaintiffs' request, and respectfully request that the Court deny the application.

As an initial matter, Plaintiffs have misrepresented the substance of the Delaware Chancery Court's Order.  Among other things, the Chancery Court did not stay the Delaware action because this Court "is better positions [sic] to resolve the dispute between the parties to the extent possible," as Plaintiffs claim. Dkt. No. 57 at 1.  Rather, the Chancery Court held that Plaintiffs "violate[d] the rule against claim splitting." Dkt. No. 57-1 at pg. 5 of 40.  Accordingly, "[t]o remedy this violation," the Chancery Court stayed the Delaware action "pending resolution of the proceeding in federal court." *Id.*

Plaintiffs' request for leave to amend for a second time should be rejected for several reasons.  First, there are two pending, fully-briefed motions to dismiss filed by the ML Defendants and Machete. Dkt. Nos. 44, 49.[2]  It would be highly inefficient for Plaintiffs to file yet another amended complaint before those motions have been resolved, particularly where Plaintiffs have failed to articulate exactly what those amendments would entail beyond a vague reference to "the issues originally raised in the Delaware Action to the extent possible." Dkt. No. 57 at 1.  Plaintiffs created this situation by engaging in a violation of the rule against claim splitting; they should not now be

---

[1] Machete is represented by separate counsel.
[2] The ML Defendants also filed a request for a pre-motion conference regarding their intent to file a motion to transfer venue, which remains pending.  Dkt. No. 43.



permitted to further delay this action and expend the Court's and the parties' time and resources.

Second, because the Delaware action relies upon the same or similar facts and theories as Plaintiffs' Amended Complaint in this action, any proposed amendment would be futile for the same reasons set forth in the ML Defendants' and Machete's motions to dismiss: all of these claims should have been brought in Illinois; certain of Plaintiffs' claims are barred by releases signed by Plaintiffs; certain of Plaintiffs' claims are barred by the economic loss doctrine; Plaintiff's derivative claims fail due to their failure to plead demand futility; and Plaintiffs failed to adequately plead any of their causes of action. Dkt. No. 45 at 6-8, 10-25; Dkt. No. 50 at 6-24; Dkt. No. 54 at 1-3, 5-10; Dkt. No. 55 at 1-10.

Third, the Chancery Court has already held that Plaintiffs' gamesmanship in filing duplicative claims in this Court and Delaware violated the bar against claim splitting. Plaintiffs' request to now add those duplicative claims to this action is further gamesmanship of the highest order, and is an improper attempt to circumvent the Chancery Court's ruling staying the adjudication of Plaintiffs' Delaware claims.

For the foregoing reasons, the ML Defendants respectfully request that the Court deny Plaintiffs' application for leave to amend their complaint for a second time.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Michael D. Wexler*

Michael D. Wexler

cc:  Jesse M. Coleman, Seyfarth Shaw LLP (via ECF)
Owen R. Wolfe, Seyfarth Shaw LLP (via ECF)
Kevin Green, Seyfarth Shaw LLP (via email)
Maja Lukic, Gerard Fox Law (via ECF)
Gerard P. Fox, Gerard Fox Law (via ECF)
Lauren Green, Gerard Fox Law (via ECF)
Jonathan L. Segal, Davis Wright Tremaine LLP (via ECF)
Samuel Bayard, Davis Wright Tremaine LLP (via ECF)