EXHIBIT – 1 –

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| ML FASHION, LLC and ML RETAIL, LLC, | |
| Plaintiffs, | |
| v. | Case No. 2020-L-012546 |
| NICOLAS GOUREAU, STEPHANIE MENKIN, and NOEMI GOUREAU, | Hon. Michael F. Otto Calendar "U" Rm. 1907 |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH PREJUDICE AND DENYING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM AND AS A DUPLICATIVE ACTION AS MOOT**

This matter coming before the Court on Defendants Nicolas Goureau, Stephanie Menkin, and Noemi Goureau's ("Defendants"): (i) Motion to Dismiss to Complaint for Lack of Personal Jurisdiction; (ii) Motion to Dismiss the Complaint for Failure to State a Claim; and (iii) Motion to Dismiss the Complaint as a Duplicative Suit, Defendants' counsel and counsel for Plaintiffs ML Fashion, LLC and ML Retail, LLC's ("Plaintiffs") present before the Court via Cook County's Zoom platform, and the Court being fully advised in the premises based on the parties' written submissions and Plaintiffs' oral argument, it is ORDERED:

1.      Defendants' Motion to Dismiss to Complaint for Lack of Personal Jurisdiction is granted with prejudice for the reasons stated by the Court during the hearing, including:

> a.   Plaintiffs' reliance on the forum-selection clause in the contracts with which Defendants allegedly interfered does not establish personal jurisdiction, because Defendants are not parties to the contracts.

> b.   The Court finds that for personal jurisdiction, "[t]he proper question is not where the plaintiffs experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Plaintiffs' evidence failed this test. Plaintiffs' arguments based on pre-*Walden* authority fail to persuade as such law no longer obtains. *See, e.g.* Opp. br. at 8 ("Illinois broadly

applies the 'effects test,' where its courts have held that 'the state in which the victim of a tort suffers the injury may entertain a suit against the accused tortfeasor,' even if all other relevant conduct took place outside the forum state"), quoting *Spank! Music & Sound Design, Inc. v. Hanke*, No. 04 C 6760, 2005 U.S. Dist. Lexis 4507, *8 (N.D. Ill. Feb. 7, 2005).

    c.    Plaintiffs' evidence of Defendants' conduct in Illinois, such as the credit card charges discussed in the Declaration of Marcus Lemonis, fails to persuade because it constitutes inadmissible hearsay, as it relies on out-of-court statements for which no hearsay exception has been established.

    d.    Plaintiffs have failed to allege sufficient contacts to support a finding of general jurisdiction over Defendants.

2.    Defendants' Motion to Dismiss the Complaint for Failure to State a Claim and Motion to Dismiss the Complaint as a Duplicative Suit are denied without prejudice as moot.

3.    Plaintiffs' oral request to re-plead and/or take jurisdictional discovery is denied as waived. Plaintiffs opposed Defendants' Motion to Dismiss the Complaint for Lack of Personal Jurisdiction without seeking this relief.

Date: _____    Entered By: _____
                                              Hon. Michael F. Otto

Judge Michael F. Otto

APR 30 2021

Circuit Court – 2065

2