

**Seyfarth Shaw LLP**
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
**T** (312) 460-5000
**F** (312) 460-7000

mwexler@seyfarth.com
T (312)-460-5559

www.seyfarth.com

August 11, 2021

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

      Re:    <u>*Goureau, et al. v. Marcus Lemonis, et al.*</u>, Case No. 1:20-cv-04691-MKV

Honorable Judge Vyskocil:

      We represent Defendants Marcus Lemonis ("Lemonis"), ML Retail, LLC ("ML Retail"), and Marcus Lemonis, LLC (collectively, the "ML Defendants") in the above-referenced action brought by Nicolas Goureau ("Goureau") and Stephanie Menkin ("Menkin") (collectively "Plaintiffs") against the ML Defendants and Machete Corporation ("Machete") (collectively "Defendants").[1]  We submit this letter to respectfully request the Court's leave to submit to the Court as new authority a copy of a decision from another judge in this District, which bears on Plaintiffs' fraud, fraudulent inducement, and civil RICO claims in this action.

      On August 6, 2021, Judge J. Paul Oetken issued his Opinion and Order in *Nourieli, et ano. v. Lemonis, et al.*, Case No. 20-cv-8233-JPO (the "Nourieli Action").  A copy of Judge Oetken's Opinion and Order is enclosed herewith as Exhibit A, and a copy of the Nourieli Action Complaint is enclosed herewith as Exhibit B.  Like Plaintiffs here, plaintiffs in the Nourieli Action—who are represented by the same counsel as Plaintiffs in this action—appeared on "The Profit" television series, then subsequently brought suit against, among others, Lemonis, Marcus Lemonis, LLC, and Machete, alleging that those defendants were responsible for damages plaintiffs' allegedly suffered following their appearance on "The Profit."  *See* Ex. A 2-5.

      In his Opinion and Order, Judge Oetken granted in large part motions to dismiss brought by Lemonis, Marcus Lemonis, LLC, and Machete.  In so doing, Judge Oetken dismissed three causes of action that are strikingly similar to three of Plaintiffs' causes of action in this case: fraud, fraudulent inducement, and civil RICO.

      With respect to fraud and fraudulent inducement, plaintiffs in the Nourieli Action relied upon alleged misstatements "that Lemonis would be 'equal business partners' with [plaintiff], that Lemonis would take Bowery Kitchen 'to the next level,' and that they should 'trust the process.'"  Ex. A 12.  The Nourieli Action plaintiffs also relied upon a statement that "the on-air negotiation process [during 'The Profit'] is real and binding."  *Id.*  These allegations are nearly identical to many of Plaintiffs' fraud- and fraudulent inducement-related allegations in this action, including Plaintiffs' reliance on

---

[1] Machete is represented by separate counsel.



alleged misstatements that "deals with the Lemonis Entities portrayed on 'The Profit' were real," that "Plaintiffs and Lemonis would be treated as partners and equals," and that "Defendants wanted to help Plaintiffs expand their business." *Compare* Dkt. No. 24 ¶¶ 137, 146 *with* Ex. B ¶¶ 206, 219.

Judge Oetken found that most of these alleged "misstatements" were "hazy aspirational statements" and thus were not actionable. Ex. A 12. The judge further found that "[t]he closest that the Complaint comes to alleging a concrete false statement" was the assertion by Machete, relied upon both by the Nourieli Action plaintiffs and the Plaintiffs in this case, that "the on-air negotiation process is real and binding." *Id.* Judge Oetken held that any reliance on that statement was unreasonable given that the plaintiffs' agreement with Machete specifically included language "about the illusory nature of the 'simulated' on-air deal." *Id.* 12-13. Plaintiffs' agreement with Machete here included the same language. *See* Dkt. No. 51-3 Section 1.b(ii).

With respect to civil RICO, the claim in the Nourieli Action is identical in many respects to Plaintiffs' civil RICO claim in this action. Both alleged "enterprises" include Lemonis, Marcus Lemonis, LLC, and Machete. *Compare* Dkt. 24 ¶ 197 *with* Ex. B ¶ 277. The descriptions of the roles played by each of those defendants and the enterprise's purported overarching purpose in Plaintiffs' Complaint here are almost word-for-word identical to the corresponding descriptions in the Nourieli Action Complaint. *Compare* Dkt. 24 ¶¶ 199, 201 *with* Ex. B ¶¶ 279, 281. The three predicate acts alleged by Plaintiffs here were also alleged by plaintiffs in the Nourieli Action. *Compare* Dkt. 24 ¶ 203 *with* Ex. B ¶ 283. Plaintiffs' allegations regarding the purported pattern of racketeering activity are, again, almost word-for-word identical to those in the Nourieli Action Complaint. *Compare* Dkt. 24 ¶¶ 207-14 *with* Ex. B ¶¶ 288-295. The injuries alleged by Plaintiffs and in the Nourieli Action Complaint are also remarkably similar. *Compare* Dkt. 24 ¶¶ 215-16 *with* Ex. B ¶¶ 296-97.

In dismissing the civil RICO claim in the Nourieli Action, Judge Oetken held: "[C]ourts have an obligation to scrutinize civil RICO claims early in the litigation—to separate the rare complaint that actually states a claim for civil RICO from that more obviously alleging common law fraud." Ex. A 14 (internal quotation marks omitted) (quoting *Rosenson v. Mordowitz,* No. 11-CV-6145, 2012 WL 3631308, at *5 (S.D.N.Y. Aug. 23, 2012)). Judge Oetken found that the plaintiffs failed to adequately allege the predicate acts in accordance with Federal Rule of Civil Procedure 9(b) or the injuries allegedly flowing therefrom. *Id.*

Judge Oetken also denied the plaintiffs' request for leave to further amend the Nourieli Action Complaint because they, like Plaintiffs here, "have already amended their complaint once" and did not "provide [any] details on what they wish to add in any amended complaint." *Id.*

Based upon the numerous similarities between Plaintiffs' fraud, fraudulent inducement, and civil RICO claims and the corresponding claims in the Nourieli Action, the ML Defendants respectfully submit that Judge Oetken's findings regarding those claims are instructive in this action, those claims should be dismissed for the same reasons and the reasons outlined in the Defendants' respective motions to dismiss, and Plaintiffs should be denied leave to amend their Complaint for a second time.



Honorable Mary Kay Vyskocil
August 11, 2021
Page 3

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Michael D. Wexler*

Michael D. Wexler

cc:	Jesse M. Coleman, Seyfarth Shaw LLP (via ECF)
	Owen R. Wolfe, Seyfarth Shaw LLP (via ECF)
	Kevin Green, Seyfarth Shaw LLP (via email)
	Maja Lukic, Gerard Fox Law (via ECF)
	Gerard P. Fox, Gerard Fox Law (via ECF)
	Lauren Green, Gerard Fox Law (via ECF)
	Jonathan L. Segal, Davis Wright Tremaine LLP (via ECF)
	Samuel Bayard, Davis Wright Tremaine LLP (via ECF)