

Suite 2400
865 South Figueroa Street
Los Angeles, CA  90017-2566

**Jonathan L. Segal**
213.633.8667 tel
213.633.6899 fax

jonathansegal@dwt.com

August 13, 2021

**<u>VIA ECF</u>**

Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *Goureau, et al. v. Lemonis, et al.*, Case No. 1:20-cv-04691-MKV
<u>Notice of Supplemental Authority</u>

Dear Judge Vyskocil:

     We represent Defendant Machete Corporation d/b/a Machete Productions ("Machete") in the above-captioned action.  We write in support of the submission by Defendants Marcus Lemonis, ML Retail, LLC, and Marcus Lemonis, LLC ("Lemonis Defendants") to submit supplemental authority that is directly relevant to Machete's Motion to Dismiss (ECF Doc. No. 61).  We also write to respond to Gerard Fox's letter to the Court (ECF Doc. No. 62), which not only obfuscates the issues, but also misrepresents that "all lead counsel" agreed to stay this case.  To be absolutely clear, plaintiffs' counsel has never sought a stay from Machete, and such a stay has never been discussed with us, let alone agreed upon.  Exhibit B.

     *First*, and most importantly, on August 6, 2021, the Honorable Judge Paul Oetken of the United States District Court for the Southern District of New York, granted Machete's motion to dismiss plaintiff's fraud claims and civil RICO claims without leave to amend.  *See Nourieli v. Lemonis*, Case No. 1:20-cv-8233 (JPO) (S.D.N.Y. Aug. 6, 2021) (the "Opinion"), attached as Exhibit A.  The Court dismissed all claims against Machete.  In *Nourieli*, the Court, presented with facts similar to those in the instant action, held that plaintiffs' fraud claims did not meet the Federal Rule of Civil Procedure 9(b)'s requirement to "state with particularity the circumstances constituting the fraud" — specifically, the Court stated that plaintiffs had not only failed to allege "provably false statements or omission," but that plaintiffs had further failed to specify how they were harmed by the alleged fraud.  *Id.* at 12-13 ("[T]he Complaint makes no connection at all between the events of 2016 and Bowery Kitchen's closing in March 2020.").  Furthermore, the court concluded that any reliance by plaintiffs on certain statements by defendants "was unreasonable given the clear language in the release".  *Id.* at 12.

     In dismissing all claims for fraud against Machete, the Court found that:

- There was a "glaring … lack of provably false statements or omissions;" (Opinion at 12); and

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4840-2615-1669v.2 0112823-000003

The Hon. Mary Kay Vyskocil
August 13, 2021
Page 2

- The allegations in the complaint were "hazy aspirational statements" and "forward-looking statements of opinion" which "are not fraud." (Opinion at 12.)

For similar reasons, the court dismissed plaintiffs' RICO claims for failure to adequately allege predicate acts, a "pattern of racketeering activity," or again specify how plaintiffs were harmed by the alleged fraud. *Id.* at 14.

Finally, the Court granted Machete's Motion to Dismiss *with prejudice* because plaintiffs had already amended their complaint once and only provided a brief general request for leave to amend in their opposition briefing. (Opinion at 14.)  Similar facts are present here, where Plaintiffs made a general request to amend in their 12(b) motion briefing, and where Plaintiffs have already amended once.  Accordingly, we agree with the Lemonis Defendants that the decision in *Noureli v. Lemonis*, particularly pages 12-14, attached as Exhibit A to ECF Doc. No. 61, is relevant to Machete's arguments and defenses in the instant action and should be considered by the Court.

*Second*, on August 11, 2021, Plaintiffs' counsel submitted a letter opposing the Lemonis Defendants' submission of supplemental authority.  *See* Doc. 62.  Without responding to the various mischaracterizations contained therein, the bottom line is that the letter tries to obfuscate the issue before the Court: namely, whether Plaintiffs have a viable complaint.  None of the extraneous arguments and facts contained in Plaintiffs' letter goes to that issue and the supplemental authority should unquestionably be considered.

The letter also contained a material misrepresentation to the Court that "All lead counsel agreed to stay all pending litigation, including in the present matter . . . ."  As "lead counsel" for Machete, neither I nor any other counsel for Machete agreed to stay either this case before Your Honor, or the case that was dismissed by Judge Oetken.  When asked to correct this error, Plaintiffs' counsel refused, citing a purported agreement with Mr. Lemonis' counsel for a stay.  *See* Exhibit B.  None of Mr. Lemonis' counsel represents Machete, which is an independent production company, and I am informed that Mr. Lemonis' counsel did not represent that they were authorized to enter an agreement on Machete's behalf.

We thank the Court for its time.

Respectfully submitted,

_____
Jonathan Segal
DAVIS WRIGHT TREMAINE, LLP