# EXHIBIT – L –

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| NICOLAS GOUREAU and STEPHANIE MENKIN, individually and derivatively on behalf of ML FASHION, LLC, a Delaware limited liability company, | )<br>)<br>)<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | ) C.A. No. 2020-0486-MTZ<br>) |
| MARCUS LEMONIS, an individual, ML RETAIL, LLC, a Delaware limited liability company, MARCUS LEMONIS, LLC, a Delaware limited liability company, ROBERTA RAFFEL aka Bobbi Lemonis, an individual, and MLG RETAIL, LLC, a Delaware limited liability company, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| *Defendants*, | ) |
| and | ) |
| ML FASHION, LLC, a Delaware limited liability company, | )<br>) |
| *Nominal Defendant*. | ) |

## **STATUS QUO ORDER**

WHEREAS, on June 18, 2020, Plaintiffs Nicolas Goureau ("Goureau") and Stephanie Menkin ("Menkin"), (collectively "Plaintiffs"), filed a Verified Complaint (the "Complaint") against Defendants Marcus Lemonis ("Lemonis"), ML Retail, LLC ("ML Retail"), Marcus Lemonis, LLC ("ML, LLC"), Roberta Raffel a/k/a Bobbi Lemonis ("Raffel"), and MLG Retail, LLC ("MLG Retail") (collectively

1

"Defendants") and nominal Defendant ML Fashion, LLC ("ML Fashion" or the "Company");

WHEREAS, on September 1, 2020, the Court held the oral argument on Plaintiffs' Motion to Expedite Proceedings and Motion for Entry of Status Quo Order;

WHEREAS, the Court ordered the parties to confer on a joint proposed Status Quo Order, or, alternatively, submit proposed Status Quo Orders consistent with what the Court discussed at the oral argument;

WHEREAS, on September 4, 2020, both parties submitted proposed Status Quo Orders with substantially different terms;

IT IS ORDERED this eighth day of September, 2020, for good cause shown, that pending final resolution of the above-captioned action (excluding any period of appeal) that:

1. No party shall, except upon (a) order of the Court, or (b) prior written consent of all parties:

    a. Make any individual purchase or incur any individual expense on behalf of ML Fashion (the "Company") exceeding $125,000.

    b. Make any purchases or expenses on behalf of the Company exceeding in the aggregate $400,000 in any given calendar month, exclusive of payroll, utilities, rent, and taxes.

c. Alter, destroy or remove any files, documents, computer equipment, books, records, proprietary information or other assets or property of the Company from the offices of the Company.

d. Amend or modify any operating agreement or other governing documents of the Company, or otherwise alter the corporate structure or management composition of the Company, including the formation of, or merger with, any other corporate entity.

e. Initiate bankruptcy, dissolution, liquidation, or winding up of the Company.

f. Hire any employee or independent contractor of the Company outside the ordinary course of business.

g. Terminate any employee or independent contractor of the Company outside the ordinary course of business.

h. Materially amend or modify the salary or compensation of any employee or independent contractor of the Company.

i. Incur indebtedness or other financial obligations on behalf of the Company outside the ordinary course of business.

    j.    Transfer, encumber, exchange, expend, pledge, loan, or otherwise dispose of, directly or indirectly, any asset outside the ordinary course of business.

    k.    Transfer money to Defendants or any related entities outside of the ordinary course of business.

2.    The parties shall limit their use of the American Express credit card of Nicolas Goureau ending in #9002 (the "AMEX Card") to those expenses that relate to the Company and are incurred in the ordinary course of business. The Company shall pay its obligations on the AMEX Card in the ordinary course of business.

    a. Marcus Lemonis has agreed, within the next ten (10) days, either individually or through a legal entity that he wholly owns, to loan ML Fashion sufficient money to pay in full the current balance of the AMEX Card;

    b. All AMEX Card payments are without prejudice to any subsequent claim the Company or Mr. Lemonis (or lending company) may make for repayment of any amounts that it demonstrates were not legitimate and authorized ML Fashion company expenses, as well as any subsequent claims about the terms of the loan.

3.    The parties may waive the restrictions imposed by this Order on a case-by-case basis.

5

4. The Court may modify the restrictions of this Order upon motion of any party for good cause shown.

*/s/ Morgan T. Zurn*
Vice Chancellor