

Gerard P. Fox
gfox@gerardfoxlaw.com

October 6, 2021

**VIA ELECTRONIC MAIL**
Honorable Mary Kay Vyskocil
United States District Court
Southern district of New York
500 Pearl Street, Room 2230
New York, NY 10007

    Re: *Goureau et al. v. Lemonis et al., Ca*se No.: 1-20-cv-04691-MKV

Dear Judge Vyskocil,

As Lemonis Defendants, once again, have thrown around baseless accusations of some mythical rule violations in their response to Plaintiffs' October 5, 2021 letter (Dkt. No. 85 (the "Letter")), Plaintiffs, with Your Honor's permission, respectfully seek to submit the following three short points in response:

*First*, since the Letter did not seek any time extensions, no requirement to consult with Defendants' counsel applied.  Rather, the Letter was following the Court's September 2, 2021 Order, which directed Plaintiffs to advise the Court whether they intend to stand on their proposed Second Amended Complaint (Dkt. No. 70-4).  The Letter did so.  The Letter also submitted that Plaintiffs should not engage into any further amendment exercises until the Court rules on their pending Motion for Reconsideration of the Court's rulings on Defendants' motions to dismiss (Dkt. No. 80).  The Letter did not propose any schedules; rather, it submitted a proposal concerning *motion sequencing*.  As such, and contrary to Defendants' submission, Plaintiffs were under no obligation to consult Defendants' counsel before they submitted the Letter.

*Second*, Lemonis Defendants oppose the proposed sequencing, since they argue that Plaintiffs would seek leave to amend regardless of the outcome of the Motion for Reconsideration.  True, but whether or not the Motion for Reconsideration is granted, granted in part, or denied makes for very different proposed amended complaints.  As such, it makes perfect sense to have the Court resolve the Motion for Reconsideration first so that the amendment process is more informed and does not play catch up with the Court's rulings.

*Third*, even if the Court does not find the proposed sequencing beneficial, Defendants' proposed schedule for the renewed motion for leave is impractical.  Plaintiffs are already expecting two oppositions briefs from two different sets of defendants (Machete

1880 Century Park East | Suite 1410 | Los Angeles, CA 90067 | 310.441.0500
1345 Sixth Avenue | 33rd Floor | New York, NY 10105 | 646.690.4980
www.gerardfoxlaw.com

Defendants and Lemonis Defendants) on October 25, 2021 in connection with their Motion for Reconsideration, which means Plaintiffs will be submitting two reply briefs in one week by November 1, 2021. Two more oppositions on the same day would mean turning around *four* reply briefs in one week. Plaintiffs just do not have the resources that Defendants do to accomplish such a feat. Accordingly, Plaintiffs suggest that if the Court rejects their proposed sequencing, then the briefing schedule for the renewed motion for leave to amend should follow the Motion for Reconsideration by one week—meaning, Plaintiffs would submit their opening papers on **October 18, 2021**, the oppositions would become due on **November 1, 2021**, and Plaintiffs reply briefs would be due no earlier than **November 8, 2021**.

Respectfully submitted,

Gerard P. Fox

cc: All the ECF recepients