

Gerard P. Fox
gfox@gerardfoxlaw.com

November 19, 2021

**VIA ELECTRONIC MAIL**
Honorable Mary Kay Vyskocil
United States District Court
Southern district of New York
500 Pearl Street, Room 2230
New York, NY 10007

### Re: *Goureau et al. v. Lemonis et al., Ca*se No.: 1-20-cv-04691-MKV

Dear Judge Vyskocil,

On October 15, 2021, the Court directed Plaintiffs to file a motion for leave to further amend their complaint by November 19, 2021.  (Dkt. No. 89.)  In the same order, the Court denied Plaintiffs' motion to reconsider its previous dismissal of, *inter alia*, Plaintiffs' RICO claims.  (*See id*. at 3.)  In the same order, the Court also: (1) abstained from exercising jurisdiction over Plaintiffs' dissolution claims in favor of New York state courts, and (2) effectively determined that Plaintiffs' derivative claims should proceed by direct action brought by Gooberry Corporation itself, as Plaintiffs have the power to cause the company to do so.  (*See id.* at 6-8 & 11-12.)

Given the Court's denial of Plaintiffs' motion for reconsideration of its dismissal of Plaintiffs' RICO claims, as well as any contemplated amendment requiring an addition of a non-diverse defendant (NBC Universal, which has its principal place of business in New York), Plaintiffs have resolved to forego any further amendment, given the resulting jurisdictional issues.  The Court's rulings as to the derivative and dissolution claims further counsel in favor of bringing Plaintiffs' claims in state courts.  Accordingly, Plaintiffs have filed a notice of voluntary dismissal of their individual claims and intend to seek the Court's approval for dismissal of their derivative claims under Fed. R. Civ. Proc. 23.1(c).

Defendants, however, dispute Plaintiffs' rights to effectuate a voluntary dismissal of any claims because they contend that all the claims have been dismissed with prejudice, despite this Court's contemplating a further amendment of the claims and providing for the parties to further brief the issue.  Accordingly, to obviate any unnecessary briefing, Plaintiffs proposed that the parties should seek the Court's ruling as to whether any claims have been dismissed with prejudice first, with any motion seeking the Court's approval of the proposed voluntary dismissal of Plaintiffs' derivative claims

to follow (as it may become moot should the Court resolve that all the claims have been dismissed with prejudice).  Defendants have rejected Plaintiffs' proposal.

Accordingly, Plaintiffs seek the Court's permission to hold any motion for approval of Plaintiffs' voluntary dismissal of their derivative claims in abeyance until Defendants' incoming motion to strike Plaintiffs' voluntary dismissal of the individual claims is resolved.  Plaintiffs submit that this would be the most efficient course of action, as the purpose of the Rule 23.1(c) approval is notice to shareholders, and all the Gooberry's shareholders are already on notice that Plaintiffs seek to voluntarily dismiss their derivative claims.  Furthermore, Plaintiffs do not intend no proceed with derivative claims on behalf of Gobberry Corporation in state court.

Respectfully submitted,

Gerard P. Fox

cc:      All the ECF recepients

2