

**Seyfarth Shaw LLP**
700 Milam Street
Suite 1400
Houston, Texas 77002-2812
**T** (713) 225-2300
**F** (713) 225-2340

jmcoleman@seyfarth.com
T (713) 238-1805

www.seyfarth.com

November 19, 2021

<u>**VIA CM/ECF**</u>

Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

> Re:  <u>*Goureau, et al. v. Lemonis, et al.*; Case No. 1:20-cv-04691-MKV</u>
> <u>Objection to Notice of Voluntary Dismissal and Letter-Motion for Extension</u>

Honorable Judge Vyskocil:

We represent Defendants Marcus Lemonis, ML Retail, LLC, and Marcus Lemonis, LLC (collectively, "ML Defendants"), in the above-referenced action brought by Nicolas Goureau and Stephanie Menkin (collectively, "Plaintiffs") against ML Defendants and Machete Corporation ("Machete") (collectively, "Defendants").  ML Defendants respectfully submit this objection in response to Plaintiffs' purported Notice of Voluntary Dismissal (Dkt. No. 91) (the "Notice") and Plaintiffs' letter-motion for an extension of time to file a motion pursuant to Federal Rule of Civil Procedure 23.1(c) (Dkt. No. 92) (the "Extension Request").  ML Defendants respectfully request that the Court strike the Notice, deny the Extension Request, and enter a judgment dismissing this action with prejudice in accordance with the Court's prior Orders.  Dkt. Nos. 77, 89.

After the Clerk of Court rejected Plaintiffs' original Notice (Dkt. No. 90), ML Defendants contacted Plaintiffs' counsel to state that the Notice is improper and should not be re-filed.  A copy of the parties' correspondence is annexed hereto as **Exhibit A**.  Plaintiffs nonetheless re-filed the Notice.  Worse still, Plaintiffs filed a last-minute motion for an extension of time, despite the fact that ***more than one month ago*** the Court set a deadline for Plaintiffs to seek leave to amend.  The Court should strongly consider sanctions for this gamesmanship.

The Court already dismissed Plaintiffs' civil RICO, fraud, good faith and fair dealing, and derivative claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Dkt. Nos. 77, 89.  "A dismissal pursuant to Rule 12(b)(6) is, of course, a dismissal with prejudice." *Winters v. Alza Corp.*, 690 F. Supp. 2d 350, 357 (S.D.N.Y. 2010) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)); *see also, e.g. Teltronics Services, Inc. v. L M Ericsson Telecommunications, Inc.*,  642 F.2d 31, 34 (2d Cir. 1981) ("This court has held that 'judgments under Rule 12(b)(6) are on the merits, with res judicata effects'");



*Martens v. Smith Barney, Inc.*, 190 F.R.D. 134, 137 (S.D.N.Y. 1999) ("Granting a motion under 12(b)(6) would dismiss a claim with preclusive effect").[1]

When it dismissed the Amended Complaint "in its entirety," the Court set a deadline for Plaintiffs to file any motion for further leave to amend.  Dkt. No. 89 at 15-16.  It did not suggest that its ruling was without prejudice or otherwise not on the merits, and instead specifically held that Plaintiffs' "fail[ed] to state a claim upon which relief can be granted."  *Id.*  Rule 41(a) does not allow Plaintiffs to voluntarily dismiss an action that the Court has already dismissed with prejudice and then re-file those precluded claims elsewhere.

There is similarly no basis for Plaintiffs' request for an extension of time to move for leave to dismiss their derivative claims pursuant to Federal Rule of Civil Procedure 23.1(c).  As set forth above, the Court already dismissed these claims with prejudice, so there is nothing left to dismiss.  *See* Dkt. No. 89 at 5-8.  Moreover, the Court gave Plaintiffs **more than one month** from entry of its October 15, 2021 Order dismissing the Amended Complaint to seek leave to amend.  *See id.* at 16.  Plaintiffs had all that time to make a motion for leave to dismiss these claims (even though, again, there is nothing to dismiss).  Plaintiffs waited until the very last minute, until nearly 4 p.m. on the day their motion for leave to amend was due, to request this extension.  Worse, in their Extension Request, Plaintiffs provide no explanation or justification for their delay.

In sum, the Court gave Plaintiffs two options: to seek leave to amend or accept the Court's judgment on the merits that Plaintiffs are not able to state their claims.  Plaintiffs are improperly seeking to create a third option not permitted by the Court or the Rules—one that will lead to more burden and expense for the parties and, based on Plaintiffs' statements in their Notice, the New York state courts.[2]  The Court should strike Plaintiffs' Notice, deny the Extension Request, and enter a judgment dismissing this action with prejudice.

---

[1] Unlike, for example, a dismissal with prejudice pursuant to Rule 12(b)(2), which simply precludes re-filing the dismissed claims in the same jurisdiction, a dismissal pursuant to Rule 12(b)(6) is on the merits and thus prohibits re-filing the same claims in *any* jurisdiction based on res judicata.  *See Teltronics*, 642 F.2d at 34; *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 539 (9th Cir. 1983) ("a dismissal for lack of *in personam* jurisdiction is not *res judicata* as to the merits of the claim").

[2] To the extent Plaintiffs improperly re-file their claims in New York state court, ML Defendants reserve the right to seek their fees and costs in this action pursuant to Federal Rule of Civil Procedure 41(d).



Honorable Mary Kay Vyskocil
November 19, 2021
Page 3

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Jesse M. Coleman*

Jesse M. Coleman

JMC

cc:     Counsel of record (via ECF)