# Exhibit A

**From:** Wexler, Michael
**Sent:** Friday, November 19, 2021 2:56 PM
**To:** Marina Bogorad
**Cc:** Goldberg, Rachel; Coleman, Jesse M; Segal, Jonathan; Wolfe, Owen
**Subject:** RE: Case 1:20-cv-04691-MKV Goureau et al v. Lemonis et al

Ms. Bogorad,

We do not agree to any of this, this is entirely incorrect.  The Court made its rulings and set a schedule from which we will not deviate.

**Michael D. Wexler** | Partner
Chicago | Ext: 735559 (+1-312-460-5559)
mwexler@seyfarth.com

**From:** Marina Bogorad <mbogorad@gerardfoxlaw.com>
**Sent:** Friday, November 19, 2021 1:00 PM
**To:** Segal, Jonathan <JonathanSegal@dwt.com>; Wolfe, Owen <OWolfe@seyfarth.com>
**Cc:** Wexler, Michael <MWexler@seyfarth.com>; Goldberg, Rachel <RachelGoldberg@dwt.com>; Coleman, Jesse M <JMColeman@seyfarth.com>
**Subject:** RE: Case 1:20-cv-04691-MKV Goureau et al v. Lemonis et al

**[EXT. Sender]**

But even assuming it applies, it should not affect our ability to dismiss our individual claims.  Here is what I propose: we were going to write to the court explaining why we can't amend (no federal jurisdiction once we add NBC, and motion to reconsider re RICO was denied). How about I let the court know defendants disagree re our right to dismiss because they view all the claims to have been dismissed with prejudice. Then I propose an agreed briefing schedule for your motion to strike (let me know how you want it set). Once the issue with/without prejudice is resolved, and assuming the claims were dismissed without prejudice, then we brief a motion seeking court approval to dismiss derivative claims. Does that work for everyone?

**From:** Segal, Jonathan <JonathanSegal@dwt.com>
**Sent:** Friday, November 19, 2021 9:16 AM
**To:** Marina Bogorad <mbogorad@gerardfoxlaw.com>; Wolfe, Owen <OWolfe@seyfarth.com>
**Cc:** Wexler, Michael <MWexler@seyfarth.com>; Goldberg, Rachel <RachelGoldberg@dwt.com>; Coleman, Jesse M <JMColeman@seyfarth.com>
**Subject:** RE: Case 1:20-cv-04691-MKV Goureau et al v. Lemonis et al

" Warning, External Sender"
Hi all,

The complaint in this case in SDNY was filed as a shareholder derivative action by Nicholas on behalf of Gooberry, so I can't see any reason why Rule 23.1 wouldn't apply.

Regards,

Jon

---

**From:** Marina Bogorad <mbogorad@gerardfoxlaw.com>
**Sent:** Friday, November 19, 2021 9:12 AM
**To:** Wolfe, Owen <OWolfe@seyfarth.com>
**Cc:** Wexler, Michael <MWexler@seyfarth.com>; Coleman, Jesse M <JMColeman@seyfarth.com>; Segal, Jonathan <JonathanSegal@dwt.com>
**Subject:** RE: Case 1:20-cv-04691-MKV Goureau et al v. Lemonis et al

The rules are clear that we can dismiss by right until an answer or summary judgment motion is filed, and there is a litany of authority to the effect that the rule "means what it says"—meaning, a motion to dismiss under Rule 12(b)(6) does not qualify. While you say dismissal was "with prejudice," the court left leave to amend to be decided, so it could not have possibly been with prejudice. I was curious to see if you had any supporting authorities that hold otherwise.

**From:** Wolfe, Owen <OWolfe@seyfarth.com>
**Sent:** Friday, November 19, 2021 8:46 AM
**To:** Marina Bogorad <mbogorad@gerardfoxlaw.com>
**Cc:** Wexler, Michael <MWexler@seyfarth.com>; Coleman, Jesse M <JMColeman@seyfarth.com>; Segal, Jonathan <JonathanSegal@dwt.com>
**Subject:** RE: Case 1:20-cv-04691-MKV Goureau et al v. Lemonis et al

" Warning, External Sender"
Marina,

In our view, the rules are clear and your claims have been dismissed with prejudice already, so you cannot voluntarily dismiss them under Rule 41. As for Rule 23.1(c), it is a Federal Rule of Civil Procedure and, in any event, Plaintiffs' derivative claims have similarly been dismissed by the Court with prejudice already.

Regards,

Owen

---

**Owen Wolfe** | Associate | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405
Direct: +1-212-218-3389 | Fax: +1-917-344-1394
owolfe@seyfarth.com | www.seyfarth.com



---

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Marina Bogorad <mbogorad@gerardfoxlaw.com>
**Sent:** Friday, November 19, 2021 11:36 AM

**To:** Wolfe, Owen <OWolfe@seyfarth.com>
**Cc:** Wexler, Michael <MWexler@seyfarth.com>; Coleman, Jesse M <JMColeman@seyfarth.com>; Segal, Jonathan <JonathanSegal@dwt.com>
**Subject:** RE: Case 1:20-cv-04691-MKV Goureau et al v. Lemonis et al

**[EXT. Sender]**

Thanks, Owen. Can you please provide any authorities supporting your argument that voluntary dismissal by right is extinguished by a ruling on a motion to dismiss that leaves leave to amend undecided? As for Rule 23.1(c), is this a Delaware rule? We are not dismissing any derivative claims from Delaware, they have not yet been asserted in this action.

Best,

Marina

**From:** Wolfe, Owen <OWolfe@seyfarth.com>
**Sent:** Friday, November 19, 2021 6:21 AM
**To:** Gerard Fox <gfox@gerardfoxlaw.com>; Marina Bogorad <mbogorad@gerardfoxlaw.com>; Maja Lukic <mlukic@gerardfoxlaw.com>; Dhruv Vyas <dvyas@gerardfoxlaw.com>
**Cc:** Wexler, Michael <MWexler@seyfarth.com>; Coleman, Jesse M <JMColeman@seyfarth.com>; Segal, Jonathan <JonathanSegal@dwt.com>
**Subject:** Case 1:20-cv-04691-MKV Goureau et al v. Lemonis et al

" Warning, External Sender"
Counsel,

We received a notification that Plaintiffs' purported notice of voluntary dismissal was rejected as improperly filed. ML Defendants do not believe that Plaintiffs are permitted to voluntarily dismiss this action, including because the Court has already issued a ruling on the merits, pursuant to Rule 12(b)(6), and because the Amended Complaint purports to be a derivative complaint subject to Rule 23.1(c), which prohibits dismissal without leave of court.

Accordingly, if Plaintiffs re-file their notice of voluntary dismissal, ML Defendants intend to move to strike and to request that the Court enter a judgment dismissing the action with prejudice.

Regards,

Owen

**Owen Wolfe** | Associate | Seyfarth Shaw LLP
620 Eighth Avenue | New York, New York 10018-1405
Direct: +1-212-218-3389 | Fax: +1-917-344-1394
owolfe@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

4