

Gerard P. Fox
gfox@gerardfoxlaw.com

November 19, 2021

**<u>VIA ELECTRONIC MAIL</u>**
Honorable Mary Kay Vyskocil
United States District Court
Southern district of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re: *Goureau et al. v. Lemonis et al., Ca*se No.: 1-20-cv-04691-MKV

Dear Judge Vyskocil,

We write in response to ML Defendants' Objection to Notice of Voluntary Dismissal and Letter-Motion for Extension (Dkt. No. 89 ("Response")).[1] While ML Defendants conclude their Response with the premise that Plaintiffs were purportedly given only two options (amend or accept dismissal with prejudice), they overlook that Plaintiffs now find themselves in the "no man" land where the proposed amended complaint would be beyond the Court's jurisdictional reach. As Plaintiffs explained, their contemplated amendment adds a nondiverse defendant, and there is no remaining basis for federal question jurisdiction.

ML Defendants fault Plaintiffs for failing to raise this conundrum earlier but Plaintiffs had several options to consider, and they, unlike ML Defendants, have limited resources. Thus, for example, Plaintiffs considered seeking to amend claims against existing defendants only while asserting their claims against the non-diverse defendant separately in state court. Ultimately, however, they resolved to purse a more efficient option of keeping all the claims together. This is especially so given that the Court abstained from exercising jurisdiction over the dissolution claims in favor of state courts, thus leaving Plaintiffs with no other forum for those claims but the state forum. The combined consideration of these factors ultimately led to the conclusion that Plaintiffs reached, and it took some time to reach it. Faulting Plaintiffs (and even raising sanctions) for properly considering all the available options to proceed and choosing the most efficient one would be simply unjust.

Finally, ML Defendants' objections to Plaintiffs' notice of voluntary dismissal are limited to the Court's purported dismissal of all the claims "with prejudice."

---

[1]   All internal alterations, quotation marks, footnotes and citations herein are omitted, and all emphasis is added unless otherwise noted.

1880 Century Park East  |  Suite 1410  |  Los Angeles, CA 90067  |  310.441.0500
1345 Sixth Avenue |  33rd Floor  |  New York, NY 10105  |  646.690.4980
www.gerardfoxlaw.com

None of the authorities cited by ML Defendants, however, deals with a dismissal that left a possibility of amendment on the table, while the proposed amendment ultimately became outside of the Court's jurisdictional reach.  Notably, the dissolution claim, for one, could not have been dismissed with prejudice because the Court abstained from exercising jurisdiction over it.  As for the derivative claims, the Court's decision cannot possibly extend to preclude a direct action by Gooberry Corporation itself—in fact, the Court's decision appeared to specifically allow for such an action.  In any event, the Court's granting of defendants' motions to dismiss, without more, does not operate to cut off Plaintiffs' rights to effectuate a voluntary dismissal as of right. As at least one court reasoned:

> [Defendant's] other arguments are equally unavailing.  First, it states that the Court should not allow voluntary dismissal with[out] prejudice in this case because the merits have already been decided.  In this case, however, the only substantive decision reached by this Court resolved a Motion to Dismiss, the purpose of which "is to test the sufficiency of the complaint, not to decide the merits."  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  It appears then that the merits of this action have not been decided, making [Defendant's] position inapposite.

*N. Ins. Co. of New York v. Travelers Ins. Co*., 2017 WL 747557, at *2 (S.D. Ind. Feb. 27, 2017); *see also In re Martino*, 429 B.R. 66, 69-70 (Bankr. E.D.N.Y. 2010) ("The purpose of such a motion [to dismiss under Rule 12(b)(6)] is to test the formal sufficiency of a complaint and not the substantive merits of a claim."), citing, *inter alia*, *Koppel v. 4987 Corp*., 167 F.3d 125, 133 (2d Cir.1999); *cf. Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) ("We hold, therefore, that at least in cases falling short of the extreme exemplified by [cases involving evidentiary hearings], notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur.").

Indeed, in *Estate of Sauter v. Citigroup Inc*., 2015 WL 3429112 (S.D.N.Y. May 27, 2015), after plaintiff failed to properly oppose a motion to dismiss, and the court denied leave to amend based on a finding of futility, the court still refused to deviate from the *Thorp* rule and declined to vacate plaintiff's "as of right" notice of voluntary dismissal:

> This ["as of right"] rule is intended to "establish [ ] a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action."  Since no answer or motion for summary judgment has been filed, Plaintiff's dismissal without prejudice will not be vacated.

***

Contrary to Defendants' assertions, the circumstances of this action do not qualify for the narrow exception to Rule 41(a)(1)(A) (i) … [which only applies in exceptional circumstances, such as where the court held] a preliminary injunction hearing that "last[ed] several days and generat[ed] a record of over 400 pages." The Second Circuit subsequently stated that, "in cases falling short of the extreme exemplified by … [the above-described scenario], notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur" on the ground that the merits of the controversy had been raised before the court. Those "extreme" circumstances are not present here.

*Id.* at *3-4, citing *Thorp*, 599 F.2d at 1174-76; *cf. Santiago v. Victim Services Agency*, 753 F.2d 219, 222 (2d Cir. 1985) ("We have recognized that Rule 41(a)(1)(i) means what it says ever since our Court, through Judge Learned Hand, held that a district court is powerless to vacate a voluntary dismissal under the rule even after a motion to dismiss had been filed."), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

Accordingly, this "bright-line test" precludes the requested striking of Plaintiff's notice of voluntary dismissal of their individual claims under Rule 41(a)(1)(A)(i). Moreover, the bottom line is that the Court's dismissal was essentially for lack of sufficient pleading. The Court has never ruled that there are no conceivable facts that could sustain Plaintiffs' claims,[2] and Plaintiffs' avenue to present additional facts for

---

[2]  According to the Second Circuit, "[w]hen a motion to dismiss is granted, the **usual practice** is to grant leave to amend the complaint." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) ("Since Ronzani had not previously been given leave to amend [but rather amended on his own], and had offered to [further] amend his complaint, we hold that the court abused its discretion in dismissing the complaint without leave to amend."); *accord Luce v. Edelstein*, 802 F.2d 49, 56 (2 Cir.1986) ("Complaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend."). Unless Plaintiffs "can prove no set of facts" entitling them to relief, courts usually dismiss without prejudice to further amendment. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (holding that leave to amend is to be granted unless it appears "beyond doubt" that the proposed pleading fits the aforementioned "no set of facts" standard); *see also Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001) ("Where, as here, plaintiffs specifically request leave to amend in the event that the court is inclined to dismiss on Rule 9(b) grounds, the failure to grant leave to amend is an abuse of discretion unless the plaintiff has acted in bad faith or the amendment would be futile."); *cf. Williams v. Citigroup Inc.*, 659 F.3d 208, 213-14 (2d Cir. 2011) (reversing denial of leave to replead because such opportunities "shall be freely given when justice so requires," and "[t]he Supreme Court has emphasized that 'this mandate is to be heeded'"), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

the Court's consideration via a motion to further amend is now effectively foreclosed, given that any such amendment would be beyond the Court's jurisdiction.  Should the Court still determine that Plaintiffs' notice of voluntary dismissal under Rule 41(a)(1)(A)(i) is ineffective, they respectfully submit that they should be given leave to present those additional facts through a motion seeking the Court's approval for dismissal without prejudice under Rule 41(a)(2).

Respectfully submitted,

Gerard P. Fox

cc:    All the ECF recepients