

Gerard P. Fox<br>gfox@gerardfoxlaw.com

November 19, 2021

**<u>VIA ELECTRONIC MAIL</u>**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re: *Goureau et al. v. Lemonis et al., Ca*se No.: 1-20-cv-04691-MKV

Dear Judge Vyskocil,

      We write in response to ML Defendants' "Follow-up Regarding Notice of Voluntary Dismissal and Letter-Motion for Extension" (Dkt. No. 94).[1] ML Defendants, once again, raise baseless claims of Plaintiffs' supposed "lack of candor" with the Court based on the Amended Notice of Voluntary Dismissal that reads that Plaintiffs only "intend" to initiate state court litigation (Dkt. No. 91). However, the original Notice of Voluntary Dismissal (Dkt. No. 90) was filed at 9:43 PM on November 18, 2021. As ML Defendants' own print-out of the state court complaint reads (*see* Dkt. No. 94-1), it was filed about twenty minutes later, at 10:01 PM on the same day.

      As such, the original Notice of Voluntary Dismissal correctly indicated that Plaintiffs only intended to file their state court complaint, and, since the original Notice of Voluntary Dismissal was effective upon filing, properly proceeded with filing of their state court complaint shortly thereafter.

      This morning, however, the original Notice of Voluntary dismissal was rejected for a technical deficiency. In filing their Amended Notice of Voluntary Dismissal (Dkt. No. 91), Plaintiffs did not make the correction from "intended" to "filed" because when the original Notice of Voluntary Dismissal took effect, the state court filing was still only an "intended" filing.

      While Plaintiffs did amend their original Notice of Voluntary Dismissal to clarify that it should not extend to the derivative claims brought on behalf of Gooberry

---

[1] Plaintiffs note that their previous letter to the Court (found at Dkt. No. 95) filed in response to ML Defendants' Objection to Notice of Voluntary Dismissal and Letter-Motion for Extension incorrectly designated that Objection as Dkt. No. "89." It should be read as Dkt. No. 93.

Corporation, the change and the timing thereof is immaterial because, as the state court complaint demonstrates, it does not include the derivative claims pending here.  While Defendants for some reason feel the need to point out that the state court complaint includes derivative claims brought *on behalf of ML Fashion*, those claims have never been asserted in this Court, other than in the proposed Second Amended Complaint that was never accepted as an operative pleading.  Pursuant to the outstanding order from the Delaware Chancery Court (Dkt. No. 57-1), ML Fashion's derivative claims go together with Plaintiffs' other claims now asserted in their state court complaint.

While ML Defendants continue to claim that Plaintiffs must have foregone further briefing on a motion for leave to amend to avoid an adverse ruling, Plaintiffs have already addressed this unwarranted speculation in their previous letter to the Court (*see* Dkt. No. 95).  As is now clear from the state court complaint that ML Defendants attached to their submission under Dkt. No. 94-1, the new complaint has added at least one non-diverse defendant (NBC Universal).  Given that this Court has denied Plaintiffs' motion to reconsider its dismissal of Plaintiffs' RICO claims, and Plaintiffs are now proceeding against at least one non-diverse defendant, Plaintiffs had no choice but to seek state courts' jurisdiction—especially because this Court had abstained from exercising jurisdiction over Plaintiffs' dissolution claim in favor of New York state courts (*see* Dkt. No. 89 at 11-12).

         Respectfully submitted,

         Gerard P. Fox

cc:     All the ECF recepients