

**Seyfarth Shaw LLP**
700 Milam Street
Suite 1400
Houston, Texas 77002-2812
**T** (713) 225-2300
**F** (713) 225-2340

jmcoleman@seyfarth.com
T (713) 238-1805

www.seyfarth.com

November 22, 2021

**VIA CM/ECF**
Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re: *Goureau, et al. v. Lemonis, et al.*; Case No. 1:20-cv-04691-MKV
Response Regarding Notice of Voluntary Dismissal and Letter-Motion for Extension

Honorable Judge Vyskocil:

Plaintiffs' letters of Friday evening confirm the impropriety of their conduct and confirm that the Court should strike the Notice, deny the Extension Request, and enter a judgment dismissing this action with prejudice.

As set forth in ML Defendants' prior letter (Dkt. No. 94), Plaintiffs indicated to the Court and the parties that Plaintiffs had not yet re-filed in New York state court, when in fact Plaintiffs had already done so. Plaintiffs characterize this stunning misrepresentation as an inadvertent failure to update their Notice (*see* Dkt. No. 96 at 1), but, even if this makes that communication negligent misrepresentation rather than intentional falsehood, they have no explanation for why they did not reveal their filing either in the Extension Request (Dkt. No. 92) or in their correspondence with Defendants (Dkt. No. 93-1).

Plaintiffs' conduct is further improper because, as set forth in ML Defendants' prior letter (Dkt. No. 93), the law in the Second Circuit is clear that ***a dismissal on 12(b)(6) grounds is on the merits, with prejudice and preclusive effect***. Plaintiffs inappropriately rely on cases from outside the Second Circuit or cases, unlike this case, involving a voluntary dismissal after a motion to dismiss has been ***filed***, but ***before*** a motion to dismiss has been ***decided***. *See* Dkt. No. 95 at 2-3. If a plaintiff was permitted to voluntarily dismiss its claims ***after*** a court had already dismissed those same claims with prejudice, then plaintiffs everywhere could circumvent court orders and the doctrine of *res judicata* with impunity. That is simply not the law, and Plaintiffs have not cited a single controlling authority to the contrary. Simply put, Plaintiffs cannot voluntarily dismiss claims that the Court has already dismissed.

Plaintiffs complain that they were in a "'no man' [sic] land" (Dkt. No. 95 at 1), but this is a situation entirely of their own making. Plaintiffs made a strategic decision to file in this Court , include a civil RICO claim, and only sue parties that they believed were completely diverse. After the Court





twice ruled on the deficiencies of their RICO claim, the Court nonetheless gave Plaintiffs an opportunity to file a motion for leave to replead that claim. *See* Dkt. No. 89. But Plaintiffs then made a second strategic decision to refuse the lifeline the Court gave them and instead abandoned their purported civil RICO claim, apparently conceding that, even as re-pled in the Proposed SAC (Dkt. No. 70-4), or under any set of facts they could plead consistent with Rule 11, the claim was not viable. All of this demonstrates that Plaintiffs never should have asserted a civil RICO claim. But they did so, and they must accept the consequences of that choice and their choice not to seek leave to replead any of their claims. Those consequences include the Orders issued by this Court (Dkt. Nos. 77, 89) that now have preclusive effect.

Plaintiffs also contend that they have no choice but to file in state court because they seek to assert claims against a non-diverse defendant, NBC Universal LLC (Dkt. No. 95 at 1; Dkt. No. 96 at 2), but this is also wrong. Setting aside their failed RICO claim, Plaintiffs' assertion that NBC Universal's presence defeats diversity is based on the allegation that its principal place of business is in New York. *See* Dkt. No. 94-1 ¶ 27. But NBC Universal is an LLC, and the "principal place of business of an LLC [is] irrelevant to the question of diversity of citizenship." *301 West 53rd St. Junior Mezzanine LLC v. CCO Condo Portfolio (AZ) Junior Mezzanine, LLC*, 2020 U.S. Dist. LEXIS 211685, at *2 (S.D.N.Y. Nov. 11, 2020); *see also, e.g., Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004). In other words, Plaintiffs offer nothing but false pretext to justify their misconduct.

At the end of the end of the day, Plaintiffs filed a Complaint and then an Amended Complaint in this Court more than one year ago. They also filed an application for leave to file a Proposed SAC and a motion for reconsideration. Now, after having their federal, fraud, derivative and good-faith-and-fair-dealing-claims affirmatively ***dismissed on the merits***, they reject the Court's offer to move for leave to amend. Instead, they affirmatively mislead the Court and the parties as to their actions, attempt to circumvent this Court's substantive rulings through a legally defunct notice of dismissal, and file a "do over" lawsuit in New York state court. Plaintiffs' conduct is improper, and ML Defendants urge the Court to put a stop to Plaintiffs' gamesmanship by striking the Notice, denying the Extension Request, and enter a judgment dismissing this action with prejudice.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Jesse M. Coleman*

Jesse M. Coleman

cc: Counsel of record (via ECF)