UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_12/14/2021
```

NICOLAS GOUREAU, and STEPHANIE MENKIN, individually and derivatively on behalf of GOOBERRY CORPORATION,

                                        Plaintiffs,

                    -against-

MARCUS LEMONIS, ML RETAIL, LLC, MARCUS LEMONIS, LLC, and MACHETE CORPORATION d/b/a MACHETE PRODUCTIONS,

                                        Defendants,

                    -and-

GOOBERRY CORPORATION

                                        Nominal Defendant.

1:20-cv-04691-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

After the Court entered an order closing this case on November 22, 2021, [ECF No. 98], Plaintiffs filed a motion [ECF No. 100] seeking clarification of the Court's ruling on Defendants' motions to dismiss. Namely, Plaintiffs ask the Court to clarify whether the Orders [ECF Nos. 77, 89] granting Defendants' motions to dismiss Plaintiffs' Amended Complaint (the "Dismissal Orders") were *with* prejudice or *without* prejudice. Plaintiffs also request that if this Court says that the dismissal was with prejudice, the judgment be amended or corrected. [ECF No. 101 at 1] ("Mem. in Support").

As a preliminary matter, the Court notes that a clerical error by the Clerk of the Court resulted in an ECF docket entry suggesting incorrectly that the Dismissal Orders were in favor of "ML Retail, LLC, MLG Retail, LLC, Machete Corporation d/b/a Machete Productions, Marcus Lemonis, LLC, NBCUniversal Media, LLC, Marcus Lemonis, [and] Roberta Raffel." [ECF No. 99]. As Plaintiffs point out, NBCUniversal Media LLC, Roberta Raffel, and MLG Retail, LLC were never parties to an operative pleading in this case. Indeed, the Court has never considered

1

any of the claims asserted against those entities or individuals because Plaintiffs did not move

for, and the Court never granted Plaintiffs, leave to further amend to address the deficiencies in

the Amended Complaint identified in the Dismissal Orders or to add new defendants.  Plaintiffs

never sought leave to move to amend prior to the deadline in the Dismissal Orders.  The

November 22 Order dismissed the Amended Complaint [ECF No. 24] against Defendants

Marcus Lemons, ML Retail, LLC, Marcus Lemonis, LLC, and Machete Corporation.  The

Judgment itself [ECF No. 99] properly does not list NBCUniversal Media, LLC, MLG Retail,

LLC, or Roberta Raffel as a party defendant.

Turning to the present motion, except with respect to Count 13 in the Amended

Complaint seeking dissolution of the Nominal Defendant Gooberry Corporation, the claims

asserted by Plaintiffs in the operative pleading in this matter [ECF No. 24] were dismissed with

prejudice.  In its October 15 Dismissal Order, the Court set a briefing schedule for any motion to

file a second amended complaint, and stated that "[a]ny motion for leave to file a second

amended complaint, which must take into account the issues raised [in the Dismissal Orders],

shall be filed on or before November 19, 2021."  [ECF No. 89 at 16].  Plaintiffs did not move to

amend and instead filed a purported notice of voluntary dismissal pursuant to Federal Rule of

Civil Procedure 41(a)(1)(A)(i).[1]  [ECF No. 91].

As a result, this matter was dismissed on October 15, and the operative complaint was

dismissed with prejudice and on the merits.  *See Alliance For Environmental Renewal, Inc. v.*

*Pyramid Crossgates Co.,* 436 F.3d 82, 89, n.6 (2d Cir. 2006); *see Teltronics Services, Inc. v. LM*

*Ericsson Telecommunications, Inc.*, 642 F.2d 31, 34 (2d Cir. 1981) ("This court has held that

---

[1] The Court notes that the Notice of Voluntary Dismissal sought to dismiss only the non-derivative claims in
Plaintiffs' Amended Complaint.  [ECF No. 91 at 1 n.1].  Plaintiffs never sought dismissal of the derivative claims
asserted on behalf of Gooberry Corporation (Count 13).

judgments under Rule 12(b)(6) are on the merits, with *res judicata* effects.") (internal quotation marks omitted); *Sweater Bee by Banff, Ltd. v. Manhattan Indus. Inc.*, 754 F.2d 457, 462 (2d Cir. 1985) ("[J]udgments under [R]ule 12(b)(6) are on the merits, with *res judicata* effects."); *see also McLean v. US*, 566 F.3d 391, 396 (4th Cir. 2009) ("[U]nless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice.").

This case remained open specifically to allow Plaintiffs the opportunity to seek leave to file a second amended complaint, if they intended to do so. Plaintiffs' failure to file a motion seeking leave to amend a second time means that no pleading was revived in this matter. Thus, at the time Plaintiffs filed their notice of voluntary dismissal, the operative complaint had already been dismissed. Though Plaintiffs raise arguments now with respect to why amendment would not be futile, Plaintiffs did not do so by the deadline set by the Court. *See* Memo. in Support 20-25 (arguing that "aside from the jurisdictional problem" amendment would not be futile, and arguing for the first time that Illinois law should apply).

It seems clear, however, that the Plaintiffs had thoroughly analyzed the prospect of amendment in this case and would have been able to inform the Court of their intended course of action by the set deadline. Indeed, Plaintiff previously contemplated filing a second amended complaint while the Court resolved the motions to dismiss. [ECF No. 68]. Plaintiffs attribute their current situation in part to the departure of one of the attorneys from their counsel's firm. [ECF No. 102 ¶ 26]. In other portions of its memorandum, Plaintiffs claim that their attempt to voluntarily dismiss claims that were already dismissed was reasonable and justifiable because amendment would have been futile. Memo. in Support at 6. Plaintiffs now argue that amendment would have been futile because a new party they contemplated adding would destroy

diversity jurisdiction. The Court notes, however, that a lack of diversity by reason of a newly

added defendant would not render claims futile, but would simply divest this court of

jurisdiction. The case, as amended, could have been remanded to state court for adjudication.

*See Acquest Wehrle LLC v. United States*, 567 F. Supp. 2d 402, 412 (W.D.N.Y. 2008) (A "court

*may* deny leave to amend where the amendment would be futile—for instance where the

amendment would be subject to dismissal for lack of subject matter jurisdiction.") (emphasis

added); *see also Zanotti v. Invention Submission Corp.*, 2020 U.S. Dist. LEXIS 97040, at *30

(S.D.N.Y. June 2, 2020) ("The Second Circuit has not expressly endorsed a district court's

invocation of the futility doctrine to dismiss a case instead of remanding it."); *Briarpatch Ltd.,*

*L.P. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) ("The decision whether to admit the new

parties is within the sound discretion of the trial court."). Further, jurisdiction may have been

appropriate pursuant to 28 U.S.C. § 1331 by virtue of a well-plead federal claim. The Court does

not know whether amendment would have been futile because Plaintiffs decided not to engage

with the Court's invitation to propose amendments to the complaint.

   With respect to Plaintiffs' alternative request, relief from judgment under Rule 59(e) or

Rule 60(b) is not appropriate here. Rule 59(e) provides that a "motion to alter or amend a

judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P.

59(e). A court may grant a Rule 59(e) motion "only when the [movant] identifies an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice." *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable*

*Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). Rule 60(b) provides

that a court may relieve a party from a final judgment for an enumerated list of reasons,

including, as Plaintiffs argue here "mistake, inadvertence, surprise, or excusable neglect." Fed.

4

R. Civ. P. 60(b); Memo. in Support at 4.  Both rules impose a very high burden on the Plaintiffs. *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."); *1044 Madison Associates, LLC v. Sirene One, LLC*, 229 F.R.D. 450, 452 (S.D.N.Y. 2005) (Rule 60(b) motion is "properly granted only upon a showing of exceptional circumstances.").  After careful review of the motion, Plaintiffs do not carry their burden.

Plaintiffs essentially ask that, despite ignoring a Court-imposed deadline to seek leave to amend, they be allowed to voluntary dismiss their claims *after* adjudication on the merits of their operative complaint.  Allowing such maneuvering would be a manifest waste of judicial resources and would permit prospective plaintiffs to dismiss with impunity a fully litigated complaint when they do not like the result.  Such a result would be untenable and contrary to notions of fair play and judicial economy.

The Court now affirms that, with the exception of Count 13 in the Amended Complaint seeking dissolution of the Nominal Defendant Gooberry Corporation (with respect to which the Court abstained), the claims asserted by Plaintiffs in the Amended Complaint were dismissed with prejudice.  The Court denies Plaintiffs' request to alter the judgment under Federal Rule of Civil Procedure 59(e) or 60(b).

**SO ORDERED**

Dated: December 14, 2021
        New York, New York

_____
                            MARY KAY VYSKOCIL
                        United States District Judge

5